TERRITORY OF OKLAHOMA, *on the relation of* H. L. MIL-LER, V. F. W. HEWITT, *Treasurer of the Board of Education of the City of Guthrie, Logan County, Oklahoma Territory.*

MANDAMUS—*Not Proper Remedy, When.*  This case is heard upon the petition and answer, which show that money is now in the hands of the respondent, who is the treasurer of the board of education of the city of Guthrie, and that it is either now due to the relator or to other persons who, like him, hold warrants from the board of education upon the said treasurer, directed to the district fund, and that the treasurer refuses to pay so much of such fund to the relator as will satisfy the warrant held by him.  *Held:* There is, in this case, a plain and adequate remedy at law in behalf of the relator against the treasurer on his bond, and his action should be at law, even if there was no contention as to whether the money in the hands of the treasurer is due to the relator, or to other holders of similar warrants.

*Original Proceeding in Mandamus.*

*Green & Strang,* for the relator.

*Asp, Shartel & Cottingham,* for the respondent.

The opinion of the court was delivered by

MCATEE, J.: This is an original application in this court for a peremptory writ of *mandamus,* and is presented upon the petition and answer, both of which are sworn to.

The petition avers the incorporation of the board of education of the city of Guthrie, and that the defendant is the duly elected and qualified treasurer of that board; that on the sixth day of November, 1895, the board of education made and delivered its warrant No. 2, series 2,

for the sum of $15.20, for services to the board of education; and that the relator owns this warrant by assignment for value; and that it was drawn on the district fund of the board of education in the hands of the respondent; that it was duly presented for payment on the sixth day of November, and payment refused by the respondent, and by him endorsed, as follows: "November 6, 1895. Presented for payment and not paid for want of funds.    F. W. Hewitt, treasurer;" that there were in the hands of the respondent at that time district funds of the board in the sum of $3,335; that the warrant was legally and properly issued and that it was the duty of the respondent to have paid the same.

In his answer, the respondent, after denying generally the allegations of the plaintiff's petition, and demanding a jury for the trial of the issues of fact raised in the pleadings, avers that: "On the date of the registration of the warrant sued upon, there were outstanding and registered warrants which had been presented and registered for want of funds, about the sum of $32,200; that of this sum $21,000 had been funded by the district court upon the application of the board of education of the city of Guthrie, but at the time of the funding of said indebtedness there were warrants outstanding and unpaid which had been duly registered upon his warrant register, as such treasurer, amounting to the sum of $9,200, left unprovided for in the said funding, and thereafter to be provided for, as stated to the district court by the board of education in its petition for said funding, by 'money then in the treasury and in the county treasury, and from the proceeds of collections of delinquent taxes and other available funds in the treasury, or soon to be received by this respondent,' but that said

indebtedness, although represented by warrants allowed by the board of education and ordered to be paid and registered as provided by the statute, still remain unpaid, and are prior in point of time to the warrant sued upon, and that the holders of that prior warrant indebtedness are demanding payment from this respondent to the extent of the money now in his hands."

The respondent also alleges that an action has been brought by him in the district court of Logan county, in the nature of an interplea, in which he seeks to compel the holders of the prior indebtedness, and the holder of the present warrant, to come into court and have their priorities determined.

It is contended by the respondent upon this state of facts that *mandamus* will not lie, and that in as much as the respondent, if he should pay the warrants sued upon here, may hereafter be liable for the payment thereof in the action now pending, by way of interplea, or in some other proceeding, to those who hold the prior warrants, and he asserts that upon the admitted facts in this case this court will not enforce the performance of the duty here sought to be charged upon him, and that, in fact, no such duty exists as can be enforced by *mandamus.*

It is provided in the code of civil procedure, § 4596, p. 883, of the Statutes of Oklahoma, of 1893, that:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law."

It was said in the *State ex rel. Meier v. McCrillus,* 4 Kan. 250, that:

"The facts show that the money is now in the hands of the treasurer; that it is due to the relator, and that he refuses to pay it over. Is there not a plan and adequate remedy in the ordinary course of law? An action against

the treasurer on his bond is as plain a remedy as a suit upon a note against a delinquent debtor, and if, as was suggested by the counsel on both sides, the question of the validity of the bond is to be raised, such an action is a more appropriate one to try the question that is afforded by this writ."

And it was held in *State ex rel. Elsbree v. Bridgman,* 8 Kan. 459, that:

"Where the relator holds evidence of indebtedness of the county, and a fund has been provided and placed in the hands of the county treasurer to pay off said indebtedness; *Held:* That there was a plain and adequate remedy by suit on the treasurer's bond, and that a writ of *mandamus* will not be allowed to compel the treasurer to pay the claims of relator."

To the same effect is *Byington v. Hamilton, Treasurer,* 37 Kan. 759.

In the case now under consideration, in which there is a conflict between the claims sued upon here and other claimants for the same fund in the hands of the respondent, the reason exists with still greater force, that the relator should be remitted to his remedy at law.

The application for the writ therefore, will be refused. All the Justices concurring.