HOPLEY, *Treasurer of Board of Education of City of Enid* v. BENTON.

No. 4168.  Opinion Filed May 27, 1913.

(132 Pac. 808.)

1.  **APPEAL AND ERROR—Assignment of Error—Necessity.** It is the well-settled rule that although errors are saved in the trial court, unless they are assigned in the petition in error, and also assigned in the brief and separately set forth and argued, they will be deemed to have been waived and will not be considered on appeal.

2.  **SCHOOLS AND SCHOOL DISTRICTS—School Warrants—Validity—Seal.** It is not required that warrants issued by a school board shall bear a seal; it is sufficient that they be signed by the president and countersigned by the clerk of the board.

3.  **MANDAMUS—Grounds—Registration of School Warrants.** Where a claim is allowed by a school board of a city and a warrant is drawn under an order of the board in conformity with section 4, c. 80 (Sess. Laws 1910-11), it is the duty of the treasurer of the board to register such warrant when presented to him for that purpose, if the warrants theretofore drawn upon the fund

upon which the warrant presented is drawn, together with the warrant presented, do not exceed the estimate of expenses for that fund approved by the excise board for the current fiscal year. In the registering of said warrant as required by section 5, c. 80 (Sess. Laws 1910-11), the treasurer exercises no discretion in the allowance or disallowance of a claim, but performs a plain ministerial duty, which he may be compelled by mandamus to perform upon his refusal to do so.

(Syllabus by the Court.)

*Error from Superior Court, Garfield County;*
*Dan Huett, Judge.*

Action by J. W. Benton against Thomas P. Hopley, treasurer, etc. Judgment for plaintiff, and defendant brings error. Affirmed.

*M. A. Dennis* and *J. C. Moore,* for plaintiff in error.
*George D. Wilson* and *Roberts, Curran & Otjen,* for defendant in error.

HAYES, C. J. This action was begun by defendant in error filing in the court below his petition for writ of mandamus, in which he alleges that he had sold to the board of education of the city of Enid, for school purposes, certain real estate for the sum of $2,500, and that in payment therefor there had been drawn in pursuance of an order of the board a warrant signed by the president of the board and by the clerk thereof. He alleges that said warrant had been presented to plaintiff in error as treasurer of said board of education to be by him registered as required by law, but that plaintiff in error refused to register same, although requested to do so both by the board of education and by defendant in error, and that plaintiff in error unlawfully retains the warrant in his possession. To the alternative writ plaintiff in error filed an amended answer and a second amended answer. Upon the issues made by the alternative writ and the second amended answer thereto the cause was tried and resulted in a judgment awarding the defendant in error a writ of mandamus, compelling plaintiff in error, as treasurer of the board of

education, to register said warrant, and then send the same to the secretary of the board of education to be delivered by said board to defendant in error. As his justification for refusal to register the warrant, plaintiff in error in his second amended answer sets up several alleged irregularities in the proceedings of the board, which he contends invalidate the warrant. The trial court found all these contentions without merit.

In the petition in error several alleged errors are assigned that have not been assigned and argued in the brief of plaintiff in error, and some alleged errors have been assigned in the brief that have not been assigned in the petition in error. It is well-settled practice that °although alleged errors are saved in the trial court, unless they are assigned in the petition in error and also assigned in the brief and separately set forth and argued, they will be deemed to have been waived and will not be considered on appeal. *Oklahoma City v. McMaster,* 12 Okla. 570, 73 Pac. 1012; *Provins v. Lovi,* 6 Okla. 94, 50 Pac. 81.

The only propositions properly presented in the brief for reversal are that the warrant was not entitled to be registered, because it did not bear the seal of the board of education, and that defendant in error has a speedy and adequate remedy at law. Both these contentions are without merit. Section 5, c. 80, Sess. Laws 1910-11, in part provides:

"It is hereby made the duty of the treasurer of the county, or the treasurer of any subdivision thereof, to whom a warrant, certificate of indebtedness or bond is directed for payment, to register the same in a book to be kept for that purpose by entering therein the number, the date, the name of the payee, the fund upon which it is drawn and the amount, and by writing on the warrant or evidence of indebtedness, the date of registration, his name and official title. All warrants, certificates of indebtedness or bonds, shall be registered in the same numerical order in which they have been issued, and when so registered shall be returned to the officer attesting the same. No warrant, certificate of indebtedness or bond

shall be a valid charge until registered by the treasurer of the municipality issuing the same."

The preceding section of the same chapter requires that every warrant or certificate of indebtedness must be drawn against a specific fund, and that there must be shown on such warrant or certificate of indebtedness, by the officer or person issuing same, the amount of estimate made and approved for such purpose for the fiscal year, or the specific amount authorized by a bond issue for said purpose, the amount of warrants, certificates of indebtedness issued or drawn against said fund, and the net balance to the credit of said fund.

All the foregoing requirements were complied with in the issuance of the warrant here involved. By section 8 of the act it is provided that any treasurer who shall register or pay a warrant or certificate of indebtedness issued in excess of the estimate made and approved by the excise board for any fiscal year, or in excess of a bond issue for such purpose, shall be guilty of a misdemeanor. Under the provisions of the statute, when the warrant was presented to the treasurer of the school board, if the same was legally drawn, the duties of the treasurer in the premises were to ascertain whether there was a balance to the credit of the fund under the estimate made for the current fiscal year sufficient in amount to pay the warrant. If so, then it was his duty to register same and return it to the board for delivery to the payee. There is no requirement of the statute that a warrant issued by a school board shall bear a seal, so far as we have been able to find. The procedure for issuing such warrants is that, when ordered by the board, they shall be drawn upon the treasurer of the board, signed by the president, and countersigned by the clerk of the board. Sections 8018 and 8020, Comp. Laws 1909 (Rev. Laws 1910, secs. 7751 and 7753). The warrant involved was executed by these officers.

Section 6225, Comp. Laws 1909 (Rev. Laws 1910, sec. 4908), relating to the writ of mandamus, provides:

"This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

In *Territory of Okla. v. Hewitt,* 5 Okla. 167, 49 Pac. 60, it was held that a writ of mandamus would not issue to one holding a warrant from a board of education upon the treasurer of said board, where the board refused to pay the warrant out of the fund on which it was drawn and in which there was a sufficient balance to pay same, because the holder of the warrant had a plain and adequate remedy at law against the treasurer on his bond. Plaintiff in error, upon authority of the foregoing case, contends that the writ should have been denied, because defendant in error has an adequate remedy at law. It has been asserted by some of the text-writers that the weight of authority supports a rule contrary to the one laid down in the Hewitt case, 26 Cyc. 171; but it is unnecessary for us to consider at this time the soundness of the ruling in the Hewitt case, for we do not think it directly in point in the instant case. In the Hewitt case relator was the holder of a valid warrant, demanding payment thereof out of a fund which had a sufficient balance to its credit to pay the warrant. In the instant case the relator has not a valid warrant; he has a claim which has been duly allowed by the board of education, which is vested with discretion to determine the justness of his claim and the amount thereof, and cause to be issued a warrant therefor, but, before such warrant can become valid, it must be registered by the treasurer. Such registration required by the statute is for the purpose of preventing the drawing of warrants in excess of the estimate of expenses made for any fiscal year, payable out of any specific fund, and thereby creating a deficit. The treasurer exercises no discretion in the allowance or disallowance of claims. His sole duty, when a warrant is legally drawn and presented to him, is to examine the records to ascertain whether or not the warrants theretofore drawn upon

the same fund, together with the warrant involved, will exceed the estimate of expenses approved by the excise board for the current fiscal year, and therefore create a deficiency in the fund upon which the warrant is drawn. It is conceded that such would not be the result of his registering this warrant. He, therefore, had but a plain ministerial duty to perform, involving the exercise of no discretion, and, to compel him to perform which, mandamus will lie. 26 Cyc. 286.

Defendant in error could not demand payment of his warrant and thereupon resort to the remedy of an action upon plaintiff in error's bond, which was held in the Hewitt case to be an adequate remedy, for the reason that the statute specifically provides that the warrant, until presented to the treasurer and registered by him, shall not be a valid claim. Section 5, c. 80, Sess. Laws 1910-11, *supra*.

Finding no error requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur, except WILLIAMS, J., not participating.