## ST. LOUIS & S. F. R. CO. v. BOCKOVEN, County Treasurer.

No. 10344.—Opinion Filed July 8, 1919.

(Syllabus by the Court.)

1. Townships—Road Drag Tax — Statute—Repeal.

Section 6, c. 30, Laws 1916, was not repealed by implication by chapter 262, Laws 1917.

2. Same—Drag Tax—Current Expenses—Limitation.

The two-mill drag tax authorized by section 6, c. 30, Laws 1916, being for a state purpose, is not to be regarded as a current expense of the township, and is therefore not governed by the limitation upon current expenses for township purposes, contained in chapter 262, Laws 1917.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by the St. Louis & San Francisco Railway Company against A. E. Bockoven, County Treasurer of Oklahoma County. Demurrer to answer overruled and judgment for defendant, and plaintiff brings error. Affirmed.

R. A. Kleinschmidt and Fred E. Suits, for plaintiff in error.

Chas. B. Selby, for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below,

against the defendant in error, defendant below, for the purpose of recovering certain taxes paid to said defendant as treasurer of Oklahoma county. The sole question involved in this controversy is whether chapter 173, art. 2, sec. 10, Laws of 1915, as amended by chapter 30, sec. 6, Session Laws of 1916, which authorized a two-mill drag tax levy, was repealed by chapter 262, Session Laws 1917, which limits the township levy for current expenses to 1.5 mills.

The plaintiff filed a demurrer to the answer of the defendant justifying the levy complained of under the former act, which the court overruled, whereupon, the plaintiff electing to stand on the pleadings, judgment was rendered in favor of the defendant.

Section 6, c. 30, Session Laws 1916, which amended section 10, art. 2, c. 173, Session Laws 1915, provides that—

"At every February meeting, or as soon thereafter as possible, the township board of each township shall select from its township road system the roads to be dragged for one year, to be known as dragable roads, and shall employ a superintendent of the township road system, who shall give bond for the faithful performance of his duties, in such sum as the board may direct. Said superintendent shall have general supervision of all dragging and repair work on the township road system, and in addition thereto shall perform all the duties heretofore imposed upon road overseers, whose term of office and compensation shall be at the discretion of the township board. He shall see that the approaches to all bridges on the said roads are maintained in such manner as to present smooth and uniform surfaces and shall keep the openings to all culverts and ditches free from weeds, brush and other material that will in any manner prevent the free discharge of surface water. He shall have charge of all dragable roads of the township road system and shall make contracts for dragging, and shall see that all dragable roads of the township road system are properly dragged at such times as are necessary to maintain such roads in a smooth condition, at such price as is reasonable and necessary to secure such contracts. For this purpose there shall be expended, under the direction of the township board, through the road superintendent, upon the township road system not more than two (2) mill drag tax herein authorized to be levied."

Chapter 262, Session Laws 1917, which it is claimed repealed this act by implication, purports to amend section 1, c. 195, Session Laws 1913, and section 7376, Rev. Laws 1910. This act as amended, after limiting the total township levy for current expenses to 1.5 mills, contains the following proviso:

"Provided, that this act shall be construed (not) to repeal or modify the provision of section 5, chapter 30, of the Session Laws

1916, authorizing additional levies of taxes for county road and bridge purposes."

Counsel for plaintiff contends that—

"By specifically exempting section 5, c. 30, Session Laws 1916, from the effect of the act, there is little doubt that the Legislature intended that the general enactment should apply to all other revenue statutes, or else such statutes would have been enumerated and placed in the proviso as was section 5, c. 30, Session Laws 1916."

Assuming that this statement contains the elements of a well-established rule of construction, we are unable to perceive its application to the case at bar. The contention of counsel that the later act is in conflict with the former seems to be based upon the assumption that the drag tax is a current expense of the township, and therefore it must be provided for within the 1.5-mill limitation of the later act. We are unable to concur with counsel in either the premise taken or the conclusion reached by him. The nature of the drag tax was under consideration by this court in Lusk v. Eminhiser, 53 Okla. 785, 158 Pac. 915. The second paragraph of the syllabus reads as follows:

"The drag tax authorized by section 10, art. 2, c. 173, Session Laws 1915, is not governed by the limitation upon the township levy contained in section 7376, Rev. Laws 1910. * * *"

The court in the opinion says:

"The drag tax is an additional involuntary tax placed by the state upon one of its instrumentalities, which alone might more than exhaust the maximum levy allowed by section 7376, supra, for ordinary township purposes. The legislative demand for this additional expenditure necessarily requiring an extension of the former limitation, in order to carry out the purpose of the later act, it would be absurd to say that the Legislature intended to require the expenditure to be confined with the previous limitation, which was intended to cover the ordinary township levy."

Lusk v. Starkey, 53 Okla. 794, 158 Pac. 918, is in point to the same effect, and Lusk v. Botts, 64 Oklahoma, 166 Pac. 172, is in point by analogy. All of these cases point out the distinction between a levy for the current expenses of a county, township, etc., and a levy for carrying on a purely state purpose, and make it clear that levies for the first purpose are subject to the statutory limitations for current expenses, while levies for the second purpose are not.

Upon the authority of these cases, the judgment of the court below is affirmed.

OWEN, C. J., and RAINEY, JOHNSON, and HARRISON, JJ., concur.