## ATCHISON, T. & S. F. R. CO. v. JOHNSON, Co. Treas.

No. 10287—Opinion Filed Jan. 10, 1922.

Rehearing Denied March 7, 1922.

(Syllabus.)

1. **Taxation—County Levy—Estimate of Needs—Deduction of Income from Automobile Licenses.**

By virtue of section 11 of Sess. Laws of Oklahoma, 1915, c. 173, p. 271, providing

that 90 per cent. of all moneys received by the Department of Highways for automobiles should be apportioned and paid to the treasurers of the respective counties in which the individual owners of the various motor vehicles paying such fees resided, to be used on the draggable roads of the county, and not to be used for any other purposes, held, that, in estimating the needs of the county for the fiscal year, the probable sum to be so received is not to be deducted from the estimated needs of the county for that year.

2. Same—Deduction of County's Share of Highway Construction Fund.

By virtue of section 1 of article 3, c. 173, p. 322, Sess. Laws of Oklahoma, 1915, providing that there shall be levied annually an ad valorem tax of one-fourth of one mill upon all property in the state which may be subject to taxation upon such basis, and providing, further, that such tax to be collected as other state taxes, and when collected to be covered into the state's depository and credited to an account styled and known as the "State Highway Construction Fund," and shall be a special fund held in trust for the use of the several counties in which the same shall be collected, each county's share to be the amount paid in by the respective counties, held, that the tax so collected shall not be deducted from the estimate made for the needs of the county for that year.

3. Same—Validity of Levy—Conformity to Estimate.

Section 6, c. 226, p. 416, Sess. Laws of Oklahoma, 1917, provides that when the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have computed the total of the several items of appropriations for current expenses and sinking fund purposes thereof with ten per cent. added thereto for delinquent taxes, they shall thereupon make the levies therefor. Held, that where the rate levied on the taxable property would produce a revenue greater than the estimated needs of the county, but less than the amount added for delinquent taxes, such levy is not excessive.

Error from District Court, Pawnee County; N. E. McNeill, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against A. W. Johnson, County Treasurer of Pawnee County, to recover taxes paid under protest. Judgment for defendant, and plaintiff brings error. Affirmed.

Cottingham, Hayes, Green & McInnis, for plaintiff in error.

The County Attorney of Pawnee County, for defendant in error.

PITCHFORD, V. C. J. This action was commenced in the district court of Pawnee county, Okla., by plaintiff to recover of defendant taxes which it alleges were unlawfully levied against it and which it paid under protest.

The uncontradicted evidence shows that the assessed valuation of the property in Pawnee county for taxation for the year 1917 was $17,373,663. The property of plaintiff in said county assessed for taxation was $1,915,418. The estimated needs of the county for the year 1917 were $124,480.53. The rate levied by the excise board for all purposes was 7.36 mills. The $124,480.53 was the amount remaining after deducting the sum of $6,000, the amount of cash on hand at the end of the fiscal year.

No brief has been filed by the county attorney in behalf of the defendant. There are numerous decisions of this court holding that where plaintiff in error has completed his record and filed it in the Supreme Court, and has served and filed a brief in compliance with the rules of the court, and the defendant in error has neither filed a brief nor offered any excuse for such failure, the Supreme Court is not required to search the record to find some theory upon which the judgment below may be sustained; and where the brief filed appears reasonably to sustain the assignment of error, the court may reverse the case in accordance with the prayer of the petition of plaintiff in error. However, in the instant case, on account of the real defendant in interest being the county of Pawnee, and the interest of the citizens of the county at large being affected, and supposed to be represented by officials selected to represent the county in litigation of this nature, we feel it our duty to examine the record, and that this appeal be determined as though Pawnee county were represented in the appellate court by its proper officer.

There are three questions presented and argued in plaintiff's brief, which are as follows: First. Should the excise board have deducted from the estimated needs $8,000 to be received from automobile licenses? Second. Should the sum of $3,900 derived from the State Highway Commission be deducted? Third. Did the tax levy in fact exceed the rate required to raise the estimate as made? We will discuss these questions in the order named:

By virtue of section 11 of Sess. Laws of Oklahoma, 1915, c. 173, p. 271, it is provided that all moneys received by the Department of Highways for automobile licenses shall be apportioned and probated as follows: Ten

per cent. to be paid into the State Treasury and placed to the credit of the general revenue fund of the state; and 90 per cent. thereof to be paid to the treasurers of the respective counties in which the individual owners of the various motor vehicles paying such fees resided; this fund so received by the treasurer to be used on the draggable roads of the county. This fund could not be used for any other purposes. There is nothing in the record showing that the excise board, in estimating the needs of the county, included any item for draggable roads. We are therefore of the opinion that the trial court committed no error in holding that this item, amounting to $8,000, should not be deducted from the estimated needs of the county.

Under the second assignment of error it is contended that the county treasurer was to receive $3,900 from the State Highway Department arising from a fund known as the "State Highway Construction Fund," and that this should have been deducted. This fund is raised by the state by a levy of one-fourth of one mill on the taxable property in the state. 'Under section 1 of article 3, c. 173, p. 322, Sess. Laws of Oklahoma, 1915, there is levied annually an ad valorem tax of one-fourth of one mill upon all property in this state which may be subject to taxation upon such basis. This tax is to be collected as other state taxes, and when collected is to be covered into the state's official depository and there credited to an account that shall be styled and known as the "State Highway Construction Fund," and shall be a special fund held in trust for the use of the several counties in which the same shall be collected, each county's share to be the amount paid in by the respective county. As we interpret this section, the county excise board is not required to take this item into consideration in making the estimate forming the basis of the levy to be made. Our conclusion is that the trial court was not in error in holding that this item should not be deducted from the estimate.

Under the third assignment of error, it is insisted that the levy so made raises more revenue than required by the estimate. As we have seen, the amount estimated as the needs of the county for 1917 was $124,480.53. Section 6, c. 226, Sess. Laws of Oklahoma, 1917, p. 416, provides that when the excise board shall have ascertained the total assessed valuation of the property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have computed the total of the several items of ap-

propriations for current expenses and sinking fund purposes for the county and each municipal subdivision thereof with ten per cent. added thereto for delinquent taxes, they shall thereupon make the levies therefor. Adding the ten per cent. to the estimated needs, we find that the rate upon the taxable property of the county should be sufficient to raise $136,928.58. The rate levied, being 7.36 mills, raises an amount far below this sum. It therefore follows that the levy did not exceed the rate required to raise the estimate as made when the ten per cent. is added thereto for delinquent taxes.

The judgment of the trial court is therefore affirmed.

KANE, JOHNSON, ELTING, and NICHOLSON, JJ., concur.