ATCHISON, T. & S. F. R. CO. v. McCURDY, County Treas.

No. 10597—Opinion Filed May 9, 1922.

(Syllabus.)

1. Counties — Excise Board — Estimate of Needs—Probable Income — Automobile License Tax.

By virtue of section 11 of Session Laws of Oklahoma 1915, c. 173, p. 329, providing that 90 per cent. of all moneys received by the Department of Highways from automobile license tax should be paid to the treasurers of the respective counties in which the individual owners paying such license tax reside, to be used only on the draggable roads of the county, held, that such moneys so received constitute a special fund created for a special purpose and that the county excise board in estimating the cur-

rent needs of the county for the fiscal year need not deduct such probable income from the estimated needs of the county.

2. Same—Estimated Income—Gross Production Tax—Osage County.

The gross production tax provided for under chapter 39, Session Laws Ex. Sess. 1916, being invalid as to restricted Indian lands (F. A. Gillespie v. State of Oklahoma, 257 U. S. —, 42 Sup. Ct. 171, 66 L. Ed. —, October term, 1921) the county excise board of Osage county was not required to deduct from the estimated current expenses for the fiscal year beginning July 1, 1917, and ending June 30, 1918, the estimated income to be derived from the gross production tax.

Error from District Court, Osage County; R. B. Boone, Judge.

Actions by the Atchison, Topeka & Santa Fe Railway Company against E. J. McCurdy. County Treasurer of Osage County, to recover taxes paid. Judgment for defendant, and plaintiff brings error. Affirmed.

Cottingham, Hayes, Green & McInnis, for plaintiff in error.

A. L. Jeffrey, for defendant in error.

KENNAMER, J. The Atchison, Topeka & Santa Fe Railway Company, a corporation, instituted two actions in the district court of Osage county against E. J. McCurdy, county treasurer of Osage county, to recover $408.79 taxes paid by the railway company, alleged to have been in excess of the amount authorized and required by law. The actions were consolidated. The trial court sustained a demurrer to the railway company's petition. This appeal is prosecuted by the railway company to reverse the judgment of the court sustaining the demurrer filed by the county treasurer.

Two questions are presented by this appeal for determination. First. Should the excise board of Osage county have deducted from its estimate for current expenses of the county for the fiscal year beginning July 1, 1917, and ending June 30, 1918, the estimate of income to be derived from automobile license taxes? Second. Income to be derived from the gross production tax.

Counsel for the railway company assert that because the petition alleged that the excise board included in its estimate of needs for the county $10,000 for the county road maintenance fund of said county, and the truth of this allegation being admitted by the demurrer, the trial court committed error in sustaining the demurrer. We are unable to concur in the contention made by counsel for the railway company. By virtue of section 11 of Session Laws of

Oklahoma 1915, c. 173, p. 329, the county excise board is without authority to make any estimate as to wnat purpose funds received by the county from automobile license tax may be expended. It is specifically provided in this statute that the 90 per cent. of all moneys received by the counties through the Department of Highways should be used on the draggable roads of the county, and for such purpose only. It is quite clear in this situation that the county excise board in making up an itemized estimate of the needs of the county for current expenses has nothing to do with the funds derived from automobile license tax, and the reasonable inference is that the board in preparing its statement of current expenses, including a county road maintenance fund, did so in contemplation of the law providing how the funds arising from the motor license tax must be expended.

The contention of the counsel for the railway company seems to be made upon the assumption that the fund derived from the motor tax when paid to the county treasurer becomes a part of the item estimated by the excise board for a county road maintenance fund. We are unable to concur with counsel in this assumption or the conclusion reached. The county excise board has nothing to do with making an estimate for the expenditure of this fund, for the obvious reason the statute does not vest the board with any discretion in the matter, but specifically provides how the fund shall be expended. It is a special fund to be used only for a special purpose, and is, therefore, not to be deducted from any estimate made by the county excise board for current expenses or any item of current expenses such as road maintenance. Atchison, Topeka & Santa Fe Railway Company v. Johnson, Treasurer, 85 Okla. 161, 204 Pac. 910; St. Louis & S. F. Ry. Co. v. Bockoven, County Treasurer, 75 Okla. 145, 182 Pac. 507.

The case of F. A. Gillespie v. State of Oklahoma, decided by the Supreme Court of the United States, 257 U. S. —, 42 Sup. Ct. 171, 66 L. Ed. —, October term, 1921, in which the gross production tax arising from restricted Indian lands was held to be invalid, is controlling of the second question presented by this appeal.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.