## MADDEN et al. v. EXCISE BOARD OF HARMON COUNTY et al.

No. 23099.  Opinion Filed Nov. 22, 1932.

C. H. Madden, for plaintiffs.

McBride & Schwoerke and H. C. Hicks, for defendants.

HEFNER, J. This is an original proceeding in mandamus brought in this court by C. H. Madden and others, county officers of Harmon county, Okla., against the excise board of that county and others, to compel the approval of an estimate for their salaries for the year 1931, and to compel the levy of a tax sufficient to raise the amount thereof under the provisions of chapter 109, S. L. 1929 [O. S. 1931, sec. 8030].

Defendants contend that the act of 1929 is unconstitutional and that they cannot therefore be compelled to make a levy sufficient to raise the money to pay the salaries thereby provided. This contention has been sustained by this court in the recent case of Wade v. Board of County Commissioners, 161 Okla. ____, 17 P. (2d) 690, ____. is there held:

"Chapter 109, S. L. 1929, fixing the salaries of officers of Harmon county, and repealing all acts in conflict therewith, is a special and local law, therefore unconstitutional. It violates section 59, and subdivision (b) of section 46, article 5, of the state Constitution."

Plaintiffs urge that the act should be upheld for the reason that the Legislature, in passing the same, complied with section 32, article 5, of the Constitution. This contention has also been decided against them by this court in the Wade Case, supra. It is there held:

"Section 32, article 5, of the state Constitution does not authorize the Legislature to enact local or special laws; it simply provides a procedure to be followed by the Legislature in passing such laws where their enactment is not prohibited by the Constitution."

The act relied upon by plaintiffs is unconstitutional. Defendants are therefore not required to approve the estimate and make the levy contended for.

The writ is denied.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., dissents. CLARK, V. C. J., absent.