## BAKER et al. v. BRADEN et al.

No. 23147.   Aug. 1, 1933.

George B. Coryell, Jr., and Speakman & Speakman, for plaintiffs in error.

Sebe Christian, Co. Atty., for defendants in error.

RILEY, C. J. This is an action in which M. J. Baker and Henry G. Davidson, plaintiffs in error, complain of the action of the trial judge in dismissing their application for writ of mandamus.

The petition alleges that the plaintiffs are county commissioners of Creek county, elected November, 1930, with the tenure of office beginning July 1, 1931, and that the excise board of Creek county, who are the defendants, have failed and refused to approve the estimate by county commissioners of Creek county, Okla., fixing salaries of the county commissioners in the sum of $3.600 per year.

They pray that the judgment of the lower court be reversed and remanded, with directions to grant a judgment to the plaintiffs in the sum of $3,600.

The petitioners have filed their petition in

error with case-made attached in this court. On January 28, 1932, they filed their brief.

This court entered its order under date of April 27, 1933, requiring the county attorney of Creek county to submit authorities to this court supporting the position of the trial court.

The order and request of this court has been ignored.

Under the rule of A., T. & S. F. Ry. Co. v. Johnson, 85 Okla. 161, 204 P. 910, this court held that where defendant in error fails to file a brief, and the question is of a public nature, the court will search the record in the case and determine the cause as it sees fit, based upon the law and the facts.

In doing so, as we view the facts in this case, we have a situation in some respects the reverse from that in the case of Robinson v. Board of Com'rs of Marshall County, 151 Okla. 100, 1 P. (2d) 660, and especially the case of Madden v. Excise Board of Harmon County, 160 Okla. 170, 16 P. (2d) 259, and Wade v. Board Co. Com'rs of Harmon County, 161 Okla. 245, 17 P. (2d) 690. The difference between the Harmon County Cases and this one is that in the Harmon County Case the Legislature by special act fixed the salaries of the officers there involved higher than was provided by the then existing general law, while in the instant case the salaries are fixed by special act at a sum lower than that fixed by what purports to be another special act applicable to Creek county, and lower than that provided by section 6427, C. O. S. 1921, claimed to be applicable to Creek county.

If the Harmon County Cases are to be adhered to, then neither section 2 of chapter 103, S. L. 1929 [O. S. 1931, sec. 7994], nor chapter 163, S. L. 1925, is valid. Section 1, ch. 103, S. L. 1929, while not necessarily invalid, is useless, since it merely attempts to repeal a void law. In the Marshall County Case, there was no showing that the special act had been advertised as provided in section 32, art. 5, Constitution. But so long as the Harmon County Cases are recognized as the law in this state, it cannot be said that chapter 103, S. L. 1929, is a valid law though duly advertised as provided in section 32, art. 5, Constitution.

But it does not necessarily follow that plaintiffs are entitled to the writ as prayed for. Their contention seems to be that the special act of 1929 and the special act of 1925 are both invalid, and that they are entitled to a salary of $3,600 per annum un-der section 6427, C. O. S. 1921 [O. S. 1931, sec. 7996].

But such is not the law. In Caddo County v. C., R. I & P. Ry. Co., 155 Okla. 32, 7 P. (2d) 900, section 6430, C. O. S. 1921 [O. S. 1931, sec. 7858], as applied to counties having a population from 41,000 to 51,000 and allowing county commissioners thereof a salary of $1,500 per annum, was held invalid as an arbitrary classification and as allowing county commissioners in counties having a population of from 41,000 to 51,000 to draw higher salaries than those in counties having a population of from 51,000 to 80,000. It is intimated therein that in the latter class salaries were left at $800, as provided by section 6423, C. O. S. 1921 [O. S. 1931, sec. 7856]. But no mention is made therein of the provisions of section 6427, supra. But in the case In re Protest of Downing et al., 164 Okla. 181, 23 P. (2d) 173, that part of section 6430, supra, applicable to counties having a population of more than 110,000 was held valid, and that county commissioners in such counties may receive a salary of $1,500 and mileage as provided in section 6430, supra.

But the provisions which it was held invalidated the first part of section 6430, supra, are found in section 6427, supra. That section permits county commissioners in counties having a population of from 62,000 to 65,000 to be paid compensation far greater than that in counties having a population of from 80,000 to 110,000, and at least $1,500 more than those in counties having a population of more than 110,000.

By what was said in the Caddo County Case, supra, and the cases therein cited, it is apparent that the classification made by section 6427, supra, is arbitrary, and that there is no reason or basis therefor; that it is in violation of the provisions of section 59, art. 5, Constitution.

Section 6423, C. O. S. 1921, section 1, ch. 202, S. L. 1917 [O. S. 1931, sec. 7856], appears to be the last general act of the Legislature fixing compensation of county commissioners in all the counties in the state down to the enactment of the general law by the Fourteenth Legislature. As pointed out, some valid laws, general in their scope, have been enacted making additional classification for counties having a population of more than 50,000. Some valid laws, general in scope, have likewise been enacted allowing additional compensation for road and bridge inspection work, etc. Section 6423, supra, together with such other general provisions for compensation for road and bridge

work, or additional duties, are the only valid laws providing compensation for county commissioners in Creek county. Therefore, plaintiffs were not entitled to the writ of mandamus to compel the excise board to approve an estimate for the salaries in the sum of $3,600 each. Neither are they entitled, or necessarily limited, to compensation in the sum of $1,800, as provided in chapter 103, S. L. 1929.

The order denying the writ is therefore affirmed.

SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and McNEILL, JJ., absent.