## CLARENCE L. BOYD CO., Inc., v. BLACHLY, County Clerk.

No. 22954. March 12, 1935.

Rehearing Denied April 2, 1935.

Application for Leave to File Second Petition for Rehearing Denied April 23, 1935.

W. R. Withington, for plaintiff in error.

E. E. Heyl and B. B. Foster, for defendant in error.

BUSBY, J. This is an appeal from a judgment of the district court of Washington county in favor of the defendant in error, as defendant, in an action by the plaintiff in error, as plaintiff, for a writ of mandamus to compel the defendant therein, as county clerk of Washington county, to draw warrants against the county highway fund in favor of the plaintiff in error in payment of certain claims which had theretofore been allowed by the board of county commissioners against the county highway fund, or to compel the county clerk to deliver to the chairman of the board of county commissioners the warrant book containing the blank warrants so that the chairman might prepare and issue warrants in proper form and compel the clerk to sign and attest same and deliver to the plaintiff in error in payment of the claims allowed.

An alternative writ was issued and the defendant in error filed his answer thereto. Upon the hearing of the cause, the court denied the peremptory writ and quashed the alternative writ theretofore issued and dismissed the action. The plaintiff appealed therefrom.

In its petition the plaintiff alleged that the claims had been duly allowed; that there was and is sufficient unexpended and unappropriated money in the county highway fund to pay the warrants if issued; that the defendant clerk of the board refuses either to issue the warrants or deliver the warrant book; that the defendant has no discretion in the matter, and that the plaintiff has no plain, speedy, and adequate remedy at law.

As a defense for his failure to comply with the plaintiff's request, the defendant alleged in his answer, among other things, that no appropriation was ever made by the excise board for the purchase of either the tools or machinery described in the claims; that no part of the machinery involved was purchased by the board of county commissioners as a whole, or on the order of such board, but by one of the commissioners; that on June 16, 1930, when the claims were allowed and ordered paid there was no money on hand in the county highway fund which had been appropriated by the excise board for the purchase of tools and machinery for the fiscal year 1929-1930, and that there is no money now in said fund out of which the claims could be paid if warrants were issued; that the plaintiff never applied to the defendant as county clerk for a purchase order or certificate showing there were funds appropriated for, or on hand available for, the payment of the tools and machinery described in the plaintiff's claims, as provided by section 1, chap. 49, S. L. 1925, but that on the 16th day of June, 1930, the defendant was presented with the form of an order of the board allowing the claims and directing the defendant to draw warrants on the county highway fund in payment thereof; that on October 16, 1929, the excise board approved an appropriation in the county highway fund for specific tools and machinery in the total sum of $24,545, and that all of said sum was paid out by the board for the specific purpose for which it was appropriated, prior to June 16, 1930, except $1,000, which had been approved for a truck and which sum was thereafter, on April 2, 1930, by order of the excise board on approval of the county commissioners, reapportioned for other purposes in the county highway fund and expended; that the claims under different numbers for the same tools and machinery in controversy had been presented to the board and disallowed and that no appeal had been taken therefrom, and that some of the machinery for which warrants were ordered issued had been ordered and delivered in August, 1929, and that the estimates and appropriations by the excise board were not made, approved, and filed until October 16, 1929.

The plaintiff contends that, since the record shows that the county treasurer received funds from gasoline tax, automobile license tax, and gross production tax during the month of June, 1930, and had on hand a sufficient sum with which to pay the claims when presented, it was the mandatory duty of the clerk to issue the warrants and attest them or turn the warrant book over to the chairman of the board and permit him to draw the warrants and the clerk should then attest them, and that the defendant had no discretion in the matter.

The plaintiff also contends that the funds mentioned in section 8, chap. 48, S. L. 1923-24 (10090, O. S. 1931), including one-fourth mill levy, gross production tax, bus tax, and automobile license tax, were appropriated by the Legislature for the county highway fund, and that these and other moneys going into the county highway fund were to be expended on the order of the board of county commissioners, as provided in the section; that the money being in the fund and the county commissioners having made an order allowing the claims to be paid out of the fund, this was tantamount to an appropriation of so much of the funds remaining in the county highway fund as was necessary to pay the claims allowed. The plaintiff further contends that the county commissioners are expressly authorized by section 10, chap. 48, S. L. 1923-24, as amended by section 5, chap. 245, S. L. 1929 (10091, O. S. 1931), "to contract for and purchase, lease or otherwise acquire any tools, machinery, supplies, material" out of the county highway fund, and that the county commissioners have the same authority to deal with the county highway as the State Highway Commissioners have to deal with the state highway. The section provides:

"The provisions of this section shall apply with equal force to the county commissioners of the various counties in all matters pertaining to county highways, and the same rights of general supervision and control given the State Highway Commission over the state highways is hereby given to the county commissioners over the county highways and all matters related thereto, except that the county commissioners may not purchase automobiles unless otherwise provided by law."

In support of the contention that the funds mentioned in section 8, chap. 48, S. L.

1923-24 (10090, O. S. 1931), to be placed in the county highway fund, are funds appropriated especially by the Legislature, over which the county commissioners have exclusive control, the plaintiff cites, first, Edwards v. Childers, State Auditor, et al., 102 Okla. 158, 228 P. 472, wherein this court held:

"The 'appropriation of money' is the setting it apart formally or officially for a special use or purpose, and where that is done by. the Legislature in clear and unequivocal terms in a duly enacted law, it is an 'appropriation.' State ex rel. Bonsteel v. Allen (Fla.) 91 South. 104. * * *

"A legislative act creating a special fund, all of which is, by the terms of the act, appropriated and directed to be expended for a special purpose and in an express manner, amounts to an appropriation of the entire fund so created, and where the amount accruing to and paid into said fund is capable of being definitely ascertained, it is sufficiently definite and certain to comply with the provisions of article 5, sec. 55, of the Constitution.

"Where a special fund is created from sources not coming from, or out of, the general revenue fund of the state, the authority to the official board or commission to spend said fund for a special purpose may be granted where the authority to disburse said fund or obligate the state is limited to the amount of money that may go into said fund, and such officer is not permitted to incur an indebtedness against the state which may be payable out of, or charged against, the general revenue funds of the state.

"The construction, maintenance, and repair of a system of state highways is incapable of being arbitrarily classified and itemized as to the amounts that may be expended for various purposes, in view of the fact that such amounts cannot be ascertained in advance of the work, and the further fact that such work is usually constructed through federal, county, city, and township aid, and for these reasons a lump sum or amount may be, by the Legislature, appropriated for such purpose."

In that case the plaintiff sought an injunction prohibiting the State Auditor, the State Treasurer, and the three members of the State Highway Commission from creating or paying any obligations out of the highway construction and maintenance fund. The injunction was disallowed on the ground that funds mentioned were sufficiently appropriated by section 8, chap. 48, S. L. 1923-24 (10090, O. S. 1931).

The plaintiff next cites Atchison, T. & S. F. Ry. Co. v. McCurdy, Co. Treas., 86 Okla. 148, 207 P. 321. wherein this court, following Atchison, T. & S. F. Ry. Co. v. Johnson, Co. Treas., 85 Okla. 161, 204 P. 910, held:

"By virtue of section 11 of Session Laws of Oklahoma 1915, c. 173, p. 329, providing that 90 per cent. of all moneys received by the Department of Highways from automobile license tax should be paid to the treasurers of the respective counties in which the individual owners paying such license tax reside, to be used only on the draggable roads of the county, held, that such moneys so received constitute a special fund created for a special purpose and that the county excise board in estimating the current needs of the county for the fiscal year need not deduct such probable income from the estimated needs of the county"

—and said:

"The contention of the counsel for the railway company seems to be made upon the assumption that the fund derived from the motor tax when paid to the county treasurer becomes a part of the item estimated by the excise board for a county road maintenance fund. We are unable to concur with counsel in this assumption or the conclusion reached. The county excise board has nothing to do with making an estimate for the expenditure of this fund, for the obvious reason the statute does not vest the board with any discretion in the matter, but specifically provides how the fund should be expended. It is a special fund to be used only for a special purpose, and is, therefore, not to be deducted from any estimate made by the county excise board for current expenses or any item of current expenses such as road maintenance. Atchison, Topeka & Santa Fe Railway Company v. Johnson, Treasurer, 85 Okla. 161, 204 P. 910; St. Louis & S. F. Ry. Co. v. Bockoven, County Treasurer, 75 Okla. 145, 182 P. 507."

The plaintiff places emphasis upon the meaning of the language, "The county excise board has nothing to do with making an estimate for the expenditure of this fund." The question there before the court was, Should the excise board of Osage county have deducted from the estimate for current expenses of the county for the fiscal year the estimate of income to be derived from automobile license tax? The court held that the funds were special funds and need not be deducted from the estimated needs of the county.

In St. Louis & S. F. Ry. Co. v. Bockoven, Co. Treas., 75 Okla. 145, 182 P. 507, this court held:

"Section 6, c. 30, Laws 1916, was not repealed by implication by chapter 262, Laws 1917.

"The two-mill drag tax authorized by section 6, c. 30, Laws 1916, being for a state

purpose, is not to be regarded as a current expense of the township, and is therefore not governed by the limitation upon current expenses for township purposes, contained in chapter 262, Laws 1917."

These authorities have not settled any issue in the instant case. The fact that the excise board in fixing a levy for the estimated needs of the county does not have to deduct therefrom the estimated income to the highway fund from sources other than ad valorem taxation, does not authorize the county commissioners to arbitrarily expend these special funds without any supervision whatever. It is true that the county highway fund is partly derived from revenue raised from various sources other than ad valorem taxation, such as auto license tax, gross production tax and by an ad valorem tax, but we do not agree that the fund is divided into two separate funds, one of which may be expended upon the mere recommendation of the county commissioners and the other under the supervision of the excise board upon estimates presented therefor, as provided and required by sections 12676 and 12677, O. S. 1931.

In Grubb v. Smiley, Co. Treas., 142 Okla. 19, 285 P. 38, this court held:

"Section 2, art. 3, ch. 173, S. L. 1915, as amended by section 5, ch. 30, S. L. Extra Sess., 1916, page 76, and brought forward as section 10202, C. O. S. 1921, as supplemented and amended by implication by chapter 48. S. L. Sp. Sess. 1923-24, authorizes the county excise boards of various counties in the state to levy an additional tax for the county highway fund, which excess, together with the maximum amount allowed counties for current expenses, under section 9692, C. O. S. 1921, may not exceed 8 mills.

"Under the provisions of sections 9697 and 9698, C. O. S. 1921, the report of the board of county commissioners and the appropriations for 'roads and bridges' must be itemized so as to show the location of each proposed bridge and the amount appropriated therefor, expressly stated; for maintenance and repair on bridges; for construction and maintenance of state roads; for opening and changing roads, and costs incident to condemnation proceedings to obtain right of way for roads; for machinery, tools and equipment for road work; and for equipment for working convicts on road work and compensation of guards therefor.

"Where the statute requires a series of acts to be performed before the owners of the property are properly chargeable with the tax, such are conditions precedent to the exercise of the power to levy tax, and all the requirements of the statute must be complied with, or that tax cannot be collected."

To the same effect are the decisions in Re Gypsy Oil Co., 141 Okla. 291, 285 P. 67; In re Bliss et al., 142 Okla. 1, 285 P. 73, and C. D. Coggeshall & Co. v. Smiley, Co. Treas., 142 Okla. 8, 285 P. 48.

It is not denied that at the time the claims in question were allowed by the board of county commissioners for which warrants were demanded, the appropriations for the highway fund approved and allowed by the excise board for the fiscal year 1929-1930, for the purpose of purchasing road equipment and machinery, had been fully expended. The fact that on June 16, 1930, when the claims were allowed by the board of county commissioners, there were certain funds in the hands of the county treasurer derived from automobile license tax, gasoline excise tax, and gross production tax, is immaterial and is an insufficient cause upon which to base a mandamus proceeding to require the county clerk to issue warrants against same.

Section 7457 and sections 5953 to 5956, inclusive, O. S. 1931, are restrictions upon the board of county commissioners, the county treasurer, and the county clerk, as clerk of the board of county commissioners, against the approving of claims, issuing and attesting of warrants, and the payment of the same. Section 5953, supra, specifically provides:

"It shall be unlawful for any officer to issue, approve, sign, attest, or register any warrant or certificate of indebtedness in any form in excess of the estimate of expenses made and approved for the current fiscal year or authorized for such purpose by a bond issue, and any such warrant or certificate of indebtedness issued, approved, attested or registered in excess of the estimate made and approved or authorized by a bond issue, shall not be a charge against the municipality upon which it is issued, but may be collected by civil action from any officer issuing, drawing, approving, signing, attesting, registering or paying the same, or from either or all of them, or from their bondsmen."

Section 1, chap. 49, Session Laws 1925, provides:

"County and municipal officers and boards of commissioners having authority to purchase supplies, material and equipment and to let contracts for public work, shall submit all purchase orders and contracts to the officer charged with keeping the appropriation and expenditure records of the county or municipality who shall, if there be an unincumbered balance in the appropriation made for that purpose by the excise board, so certify by signing the purchase order

or contract; provided that no purchase order or contract shall be valid unless within the appropriation as made for that particular and specific purpose and so certified by the officer charged with keeping the appropriation and expenditure records of the county or municipality."

It is not contended that the county commissioners ever applied to the defendant, the clerk of the board, for a purchase order or certificate showing that there were appropriated and unexpended funds available for the payment of road tools and machinery. The plaintiff has not shown that there were unexpended funds on hand in the county highway department approved by the excise board for the purchase of road tools and machinery in question, nor that such contract was made during the fiscal year of 1929-1930. In Threadgill et al. v. Peterson et al., 95 Okla. 187, 219 P. 389, this court said:

"The officers who expend the money can expend only so much as is provided for the specific purpose for which the estimate is approved and the tax levy made. When that amount is expended, or contracts made which when satisfied will exhaust such funds, the officers of the municipality, as here, have no further power to make any contract which in any wise imposes any liability in law upon the municipality or political subdivision they represent. If such pretended contract is made, the officers are personally liable for any amount earned by him with whom the same is made."

A more recent expression of this court relative to the appropriation to the county highway fund of income from sources other than ad valorem taxation is found in Austin-Western Road Machinery Co. v. Board of Com'rs of Carter County, 160 Okla. 232, 11 P. (2d) 117, wherein this court held:

"The requirements for a valid and binding contract between any person and the board of county commissioners affecting funds in the county highway fund are: First, an appropriation must have been made by the board of county commissioners and approved by the excise board of said county making an appropriation for the kind of work or material sought to be covered in said contract; second, the records in the county clerk's office must show an unexpended balance in said appropriation equal to or more than the amount of the contract sought to be made; third, the contract or purchase order must be signed and certified to by the county clerk certifying that there is an unexpended balance in said appropriated fund sufficient to pay the amount of said contract"

—and discussing the question as to whether or not money received by the county from sources other than ad valorem taxation, as provided by section 8, chapter 48, S. L. 1923-24 (10090, O. S. 1931), was subject to expenditure by the board of county commissioners without the consideration and approval of the county excise board, said:

"All of the different funds were consolidated into one fund to be known as the county highway fund. Said fund contains all the funds derived by taxation for highway purposes, and as such would be a necessary part of the statement submitted to and approved by the excise board. The approval of said fund by the excise board was necessary, before there was an appropriation against which contracts could be made."

In support of the right to have the writ issued, the plaintiff cites Bodine, Co. Clerk, v. McDaniel Auto Co., 69 Okla. 143, 170 P. 899, and Clark, State Highway Com'r, v. Warner, Co. Clerk, 85 Okla. 153, 204 P. 929, where in each case this court held that the attesting of a warrant by the county clerk was purely a ministerial act as to which there is no discretion, in cases where the warrant was for a claim presented and allowed by the board of county commissioners, and it was further held that mandamus was the proper remedy. The holding in those cases appears to have been based upon the holding in Hopley, Treas., etc. v. Benton, 38 Okla. 223, 132 P. 808, cited in Bodine v. McDaniel Auto Co., supra. In Hopley, Treas., etc. v. Benton, supra, a claim had been allowed by a school board and a warrant was drawn under or order of the board, and this court held that it was the duty of the treasurer of the board to register such warrant when presented for that purpose, if the warrants theretofore drawn upon the fund which the warrant presented is drawn, together with the warrant presented, do not exceed the estimate of expenses for that fund approved by the excise board for the current fiscal year; that the treasurer exercised no discretion in the allowance or disallowance of the claim, but performs a plain ministerial duty, which he may be compelled by mandamus to perform.

It is evident that the holding of this court in both the Bodine Case and the Clark v. Warner Case went far beyond the holding in the case upon which they were based, and further than necessary to determine the issues involved therein. But, regardless of whether or not these holdings were proper interpretations of the law as it then existed, it cannot be contended now that such duties imposed upon the county clerk under the provisions of section 1, chap. 49, S. L. 1925, supra, are purely ministerial and without

discretion on the part of the clerk. The plaintiff never attempted to observe the requirements provided in that act by submitting to the defendant purchase orders to ascertain if there was an unincumbered balance in the appropriation for the particular purpose, but relied upon the fact that certain funds then in the county treasury derived from sources other than by ad valorem taxation could be expended by the board of county commissioners without being approved by the county excise board. With this we are unable to agree. It was shown that all funds appropriated for purchasing road tools and machinery for the fiscal year of 1929-1930 had been expended. The duty imposed upon the defendant was not a clerical or ministerial duty merely, but involved discretion as to whether he would observe the law which defines his duties or would violate it. He chose the former, and the trial court sustained his act, and we find no error in the judgment of the court. The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, PHELPS, and GIBSON, JJ., concur.