JONES et al. v. HANGER.

No. 35619. June 9, 1953.

*258 P. 2d 176.*

Hatcher & Bond, Chickasha, and Walter Morris, Anadarko, for plaintiffs in error.

Haskell B. Pugh, Anadarko, for defendant in error.

ARNOLD, J. This is an action in mandamus filed in the district court of Caddo county by James F. Hanger against the three members of the board of county commissioners of said county seeking to compel said board to approve, allow and pay his claim in the amount of $187.11 for salary as assistant county attorney for the month of October, 1951. Upon trial of the case a judgment was rendered directing the board to allow and pay the claim; from order overruling motion for new trial, defendants bring this appeal.

The undisputed, conclusive and controlling facts in this case are: R. L. Lawrence, the duly qualified and acting county attorney, filed his itemized estimate of the needs of his office for the fiscal year beginning July 1, 1951, including therein request for his salary at the rate of $279.86 per month and for the salary of a first deputy at $204.82 per month. This request was approved by the board and a lump sum was appropriated sufficient to pay the salary of the county attorney at the rate requested by him and the salary of a first deputy in the amount of $187.11 per month. Assistant county attorney H. Louis Allen filed salary claims in the amount of $187.11 each for the months of July, August, and September, 1951, and these claims were approved and paid by the board. On September 26, 1951, H. Louis Allen resigned and the county attorney appointed plaintiff James F. Hanger, who took the oath of office and entered upon the duties of assistant county attorney on October 1, 1951. The county attorney sent written notice of this appointment to the board on September 26th and the appointment was disapproved by the board on October 4, 1951, the reason for disapproval not being shown. A claim for salary as assistant county attorney for the month of

October, 1951, in the amount of $187.11, dated and sworn to on October 31, 1951, was filed by James F. Hanger with the Board; this claim was approved by the county attorney, though no date of approval was shown, and shows that it was filed for entry on the calendar on October 29, 1951, though the claim record shows it was filed on October 31st. This claim has been neither approved nor denied by the Board. James F. Hanger filed this action to compel payment of the claim on January 17, 1952, alleging the above facts.

The board filed its answer to plaintiff's petition, the substance of which is that it had a discretion to approve or disapprove of plaintiff personally and exercised that discretion.

The trial court being of a contrary view struck all the allegations from the answer revelant to the issue. The board of county commissioners having answered setting forth only the one issue, its failure to pay the claim must be assumed to have been only on the ground of its disapproval of the appointee.

The board took the position below as here that it had a discretion in confirming or rejecting the person appointed to be head deputy which it had exercised and that its rejection of the appointment made the claim invalid and illegal; that the county commissioners must not only establish the position, set up the salary, and make an estimate in their budget therefor, but must give their consent or approval to the person appointed before he is legally an officer who can draw salary as such.

The Uniform Salary Act of 1949, 19 O.S. 1951 §179, was in effect at all times hereinbefore mentioned. It provides:

"For purposes of fixing salaries under this Act County Officers shall be grouped in the following classifications:

"A. Enforcement Officers or those charged with enforcing the laws relating to public peace and safety: the County Attorney * * *"—Section 179.4.

"The officers named in Groups 'A' and 'B' shall have such number of deputies, assistants, aides, stenographers, technicians, or other help whether on whole or part-time basis, and at such rates of salary or pay as the principal officer may propose and establish the need for and the county commissioners will approve; provided however, that the salary or rate of pay proposed and approved for any subordinate position under any such officer shall never exceed eighty per cent (80%) of the salary provided in this Act for the principal officer. Provided, however, that under such conditions as the Board of County Commissioners will approve, the County Attorney and Sheriff may each be allowed not to exceed one (1) deputy or assistant at not more than ninety per cent (90%) of the rate of salary provided herein for the principal officer. * * * Said number of subordinate positions and rates of pay as to each so proposed and approved shall be reasonably classified as to responsibility, risks, skills, training, and experience required for such position, with due weight as to whether said position be on whole or part-time basis: all of which shall be determined without regard to the individuals whom the principal officer may thereafter select and appoint to perform such services. And provided further that, at the beginning of each fiscal year, all previous agreements and commitments of the prior fiscal year having lapsed, when the principal officer shall include in his estimate of needs prepared in full conformity to Section 286, of Title 68, Oklahoma Statutes 1951, or any amendments thereto, the said number of positions and rates of pay for the number and classes of deputies, aides, stenographers, technicians, or other help, and whether on whole or part-time basis, deemed necessary for such ensuing fiscal year. Be it further provided that whether approval be by proper entry in their Journal of the action of the Board of County Commissioners or by commitment by approval and payment of claims for such services, the number of positions and rates of pay shall remain so fixed for such fiscal year and shall not thereafter be changed or reduced except by and with the consent of the principal officer; * * *" —Section 179.7.

In 1951 an amendment to this act was passed, 19 O.S. 1951 §156. It is contended that this provision thereof is pertinent here:

"Regardless of any law heretofore enacted, from and after the approval of this Act it is hereby provided that, in all counties of this State, and as to each office in any such county, except the office of the County Superintendent where the officer is authorized by agreement with the Board of County Commissioners to have one or more deputies, the deputy, or in the event there be more than one then one of such deputies, shall be denominated principal or head deputy and the person appointed to be such principal or head deputy shall be paid, in equal monthly installments, by and with the consent of the Board of County Commissioners, an annual salary in amount not to exceed ninety percent (90%) of the salary or compensation provided by law for such officer. It is hereby provided, however, that the provisions of this Act shall be limited and restricted to those offices where, by law, such head deputy is authorized to perform any and all of the duties of the officer who appoints him to the position of head deputy."

The salary of the county attorney of Caddo county fixed by the Uniform Salary Act, supra, is $279.86 per month. The amount approved and appropriated here for the assistant county attorney is less than 80 per cent of that amount. It is obvious, therefore, that the foregoing provision has no application.

Under the foregoing provisions hereinabove quoted from section 179.7 of the statute, the board of county commissioners has the duty of passing upon the estimated needs of the county attorney's office and exercising its discretion in the approval of the number of deputies requested and the salary at which such deputies shall be paid. This discretion was exercised and appropriation made therefor for an amount inclusive of $187.11 per month for the assistant county attorney. This approval cannot be withdrawn during the fiscal year. There is no provision of the statute that specifically says that the board of county commissioners shall not approve or disapprove the appointment of a designated assistant county attorney; likewise, there is no provision which specifically grants the duty of approval or disapproval. It is perfectly obvious from the implications of the section that it was not the intention of the Legislature that said board should have any right or duty to approve or disapprove an appointee of the county attorney. The board of county commissioners has no discretion whatever in the matter of who shall be the assistant county attorney of said county. The disapproval of the board in this instance as shown by its pleadings and the proof in this case was based entirely upon its erroneous contention that it had the right and duty to approve or disapprove the designated assistant county attorney. It does not contend by pleading, proof, or otherwise, that the disapproval was based on its determination that the claim was illegal on any other basis.

Herein it is conclusively shown that after the estimated needs and request for appropriations was filed and approved and the appropriation made, the plaintiff was legally appointed assistant county attorney, entered upon the performance of his duties as such, performed his duties for a month or more, and filed a legal claim with the county commissioners for payment of a month's salary which has not been acted upon by the county commissioners for the sole reason of the claimed duty to exercise discretion in the approval of his appointment. Under the state of facts as hereinbefore demonstrated, nothing remained to be done except the ministerial duties of approval and payment of the claim.

Where an inferior tribunal or board has exercised and exhausted its discretion and has thereby decided all questions which come properly and legally within its discretion, leaving nothing to be done except a mere ministerial duty, and has refused to

perform such ministerial duty for a reason neither legally nor properly within the scope of its discretion, it may be compelled by mandamus to perform such ministerial duty. 34 Am. Jur. p. 863; Butterworth v. United States, 112 U.S. 50, 28 L. Ed 656, 5 S. Ct. 25; Hopley, Treasurer, v. Benton, 38 Okla. 223, 132 P. 808; Ryan v. Humphries, 50 Okla. 343, 150 P. 1106.

Affirmed.

HALLEY, C.J., JOHNSON, V.C.J. and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. CORN, J., dissents.