## Treasurer of Jefferson County *versus* Shannon.

1. An order to an auditor to report "the facts" is not complied with by returning "the testimony."

2. The Act of Assembly contemplates issues of fact and law in a *mandamus* as in other cases, and if the cause set out in the suggestion be sufficient, an alternative writ should be issued, commanding defendant to perform what is required or return his reason for not doing so. If, after issue and trial, the return be adjudged insufficient, a peremptory *mandamus* issues.

3. Orders drawn by the board of officers on the militia fund under the Act of 1858, should state for what they are drawn, and be countersigned by the commandant of the brigade or president of the board, when sufficient; and if there be sufficient money to pay them, *mandamus* is a proper remedy in case of non-payment.

ERROR to the Court of Common Pleas of *Jefferson county.*

In the court below this was a *mandamus* to P. P. Blood, treasurer of Jefferson county, upon the suggestion of P. H. Shannon, that he was the owner of three military orders, issued by the "Board of Brigade Auditors" to the treasurer of the county:—

1. Dated October 26th 1858, in favour of Peter Fike, "for services rendered in the Union Guards," for $6, "signed by the Brigade Auditors:"

2. Dated November 25th 1859, in favour of "Charles Kailor, Captain of Ringgold Artillery," for $198, "signed and attested by the President and Secretary of the said Board of Brigade Auditors." On this $43.56 had been paid:

3. Dated December 19th 1859, in favour of "Emanuel Reitz, Treasurer of the Union Guards," for $151, "signed and attested by the President and Secretary of said Board of Brigade Auditors." On this $33.22 had been paid:

That these orders had been presented to a former treasurer, and refused, and to the respondent and refused: that the military fund in the treasury of the county is sufficient to pay them, and praying "that a *mandamus* may be issued to P. P. Blood, Esq., treasurer of the said county, commanding him to pay the

said orders out of any military funds in the treasury of said county, or that a rule on the treasurer may be granted, to show cause why *mandamus* should not be issued for the purposes aforesaid."

The order of Reitz showed that the sum named was " the per diem pay of the officers and men in said company for the year 1859."

The treasurer answered :—

Admitting the presentation of these orders, and alleging that at the time there " were no moneys of the military fund in the treasury of the county ; that previous to the presentation of said orders the military fund of the county was applied on orders of the commissioners, or Board of Relief ;" that the orders are not countersigned by the commandant of the brigade, nor the president of the board of officers, as required by law ; that Kailor's did not specify the objects for which it was issued, and was for a *pro rata* share of the military fund of 1859, none of which came to respondent's hands ; that Reitz's order specified no services rendered by him, and that the county treasurer, not Reitz, was the disbursing officer of fund ; that the relator had other remedies to enforce said orders, and prayed the court " to discharge said rule."

The third section of the Act of April 21st 1858, article 8 (P. L. 425), provides that the fund raised by virtue of the act " shall be applied exclusively to military purposes for the benefit of the uniformed militia and the military expenses of this Commonwealth, and no moneys shall be paid from such fund by the county or city treasurer but upon orders of a board of officers, as provided in this act, countersigned by the commandant of the brigade or president of said board, which order shall specify on its face the objects for which such money was paid," &c.

By the Act of April 8th, 1862 (P. L. 314), this military fund was appropriated " to the relief fund for the benefit of the families of volunteers," but not " to interfere with the payment of military orders already issued."

There were no other pleadings : the matter was referred to an auditor " to report the facts and Acts of Assembly bearing on the question."

The auditor reported the orders, and the other facts found did not materially differ from those alleged in the suggestion and answer ; on the coming on of the report the court (Campbell, P. J.) made this order : " Rule made absolute, and *mandamus* decreed for the unpaid balance of orders attached to report ;" and the respondent removed the case to the Supreme Court.

*Jenks*, for plaintiff in error.—*Mandamus* is to be resorted to only when there is no remedy in the usual course of law : Commonwealth *v.* Commissioners of Allegheny County, 16 S. & R.

[Treasurer of Jefferson Co. v. Shannon.]

317; Commonwealth v. Rosetter, 2 Binn. 362; Hester's Case, 2 W. & S. 416; Commonwealth v. Canal Commissioners, 2 Penna. R. 518; Drexel v. Mann, 6 W. & S. 97.

The Act of April 15th 1834, §§ 9 and 20, Purd. 211, provides for county treasurer's bond; the Militia Act, April 21st 1858, § 3, Art. 6, applies it to military taxes; and, by §§ 7 and 8, he is to receive, pay out, &c., moneys for military purposes: Purd. 719, pl. 16, 17, 18. If he refuse, one of the conditions of his bond is broken, and he could be sued.

*Mandamus* will not be granted to the county commissioners to draw an order on the treasury when there is no money in it: Commonwealth v. Commissioners of Lancaster County, 6 Binn. 5. Act of April 8th 1862, Pamph. L. 314, appropriates the military fund to relief orders, which amounted to more than the fund.

The Militia Act, § 3, Art. 8, provides that no moneys shall be paid but upon orders of a board of officers, countersigned by the commandant of the brigade or president of the board, and shall specify on its face the objects. All the orders fail in one or other of these requirements.

Reitz had no right to receive and disburse money; that is the duty of county treasurer, who gives bond.

*Gordons*, for defendant in error.—Shannon's right to the orders is not denied in the replication. The orders appear to be properly signed, and Reitz was the treasurer of the company; the only object to be specified was that it was for military purposes, and that sufficiently appears. The evidence shows that the treasurer had enough money, for the relief fund had no longer an existence. The relator could have no action on the bond, because the treasurer gives a bond to the state and one to the county; which is to be sued on? Supervisors can be compelled by *mandamus* to pay orders drawn upon them: Commonwealth v. Johnson & Felton, 2 Binn. 275. Where a ministerial act is to be done, and there is no other specific remedy, a *mandamus* will lie: Griffith v. Cochran, 5 Binn. 103; Whar. Selwyn 1093, 1094. Citing also Commonwealth v. Mann, 5 W. & S. 421, 422.

The opinion of the court was delivered, January 15th 1866, by

THOMPSON, J.—The proceedings in this case were very irregular, ignoring altogether the Mandamus Act of 1836, and according almost as little with any practice in such cases anterior to the act.

The relator filed a suggestion for a *mandamus* against the treasurer of Jefferson county, to compel him to pay certain orders therein described, assumed to have been issued by certain military boards under the provisions of the Act of 21st April 1858. To this suggestion the treasurer answered—without any

rule that we discover, except as it may be inferred from the language in the final decree—that he had no funds; that previously to the demand the military fund had been paid away on orders of the board of relief, pursuant to the Act of 8th April 1862, and that the orders were neither properly authenticated nor did they specify the objects for which they were drawn, as required by the 8th article of the 3d section of the Act of 1858.

There was neither replication nor demurrer to this, although an issue of fact was obviously involved in it, but the court appointed an auditor to report the facts. This he did not do, but returned the testimony; thereupon the court entered on the record, " Rule made absolute; *mandamus* decreed for the unpaid balance of orders attached to the report."

The Act of Assembly very plainly points the course to be pursued when a proper suggestion is filed. If it contain the substance of a case for a *mandamus*, the course is to issue an alternative writ, commanding the defendant to perform the act required, or return his reason for not doing it. Before this writ, the act provides that the court shall allow the persons suing or defending " such convenient time to make return, plead, reply, rejoin or demur as shall be just and reasonable." If, after issue and trial, the return be adjudged insufficient, then a peremptory *mandamus* issues to compel the performance of the duty required. The act contemplates regular issues of fact and law, as in other cases: 8 Casey 218; 1 Wright 237.

All this was neglected here; and to the allegations of fact in the treasurer's return or answer to the suggestion, that there were no funds, there was neither a traverse nor demurrer tendered. If the fact be insisted on, as it is, the court had no power, either by themselves or their auditor, to dispose of it, unless by the consent or agreement of the parties on record; and, until disposed of in some regular way, no decree could be made against the treasurer.

The answer that the orders were not drawn as required by the act seems fully sustained, but it was overruled, under what plea does not appear. " No money," says the act, " shall be paid from said fund by the county or city treasurer but upon orders of a board of officers, as provided in this act, countersigned by the commandant of the brigade or president of said board, and which order shall specify on its face the object for which said money was paid," &c.

The first of these three orders was drawn payable to Peter Fike, and does state the services on account of which it was drawn, but was not countersigned by the president of the board or the commandant of the brigade. The second was in favour of one Reitz, is signed by the president, but not by the board of officers, as required; and the third is signed in the same way

[Treasurer of Jefferson Co. v. Shannon.]

as the second, and is deficient in not stating the services for which it was drawn. They are all fatally deficient in execution, and did not present the legal right which it is necessary for the relator to show in order to entitle him to the remedy he sought.

Had these orders been sufficient on their face, and the fact been established in an orderly way that there was money in the treasury applicable to them, we think the remedy by *mandamus* would have been proper; but, both in substance and in form, the proceedings and judgment were all wrong, and the judgment. is reversed.