CRAWLEY, county treasurer, *vs.* MERSHON, for use.

1. Where an action of trespass was brought against the ordinary and commissioners of roads and revenue of the county as individuals, and in their private character, and they pleaded that they acted officially and for the county, and the case was settled without having their plea passed upon or sustained by the jury; and where an order upon the county treasurer was passed by the said ordinary and approved by the said commissioners, that the county pay one hundred and twenty-five dollars fees for defending the suit, and upon the trial of a *mandamus nisi* to compel the county treasurer to pay the said order for the fees, no other evidence was adduced before the court, acting by consent as judge and jury:

*Held,* that the *mandamus* ought not to have been absolute.

2. Under the facts above detailed the ordinary and commissioners were disqualified to pass the order paying their counsel out of the county funds. (R.)

*Mandamus.* County matters. Officers. Before Judge HARRIS. Ware Superior Court. March Term, 1878.

Reported in the opinion.

G. J. HOLTON, by brief, for plaintiff in error.

M. L. MERSHON; S. W. HITCH, for defendant.

JACKSON, Justice.

This was an application to the superior court for a *mandamus* absolute against the county treasurer to pay the defendant in error, $125.00 as a fee for defending a suit against Daniel Lott, W. B. Folks, Obediah Barber, and J. C. Smith

Crawley, county treasurer, *vs.* Mershon, for use.

*et al.*, brought by Wm. A. McDonald against them. The court made the *mandamus* absolute, and the county treasurer excepted.

It appears from the record that the whole matter was submitted to the judge without the intervention of a jury, by agreement of parties, and to his decision on law and facts the exception is taken. There seemed to have been some prior orders taken by the court, but they were annulled, the county treasurer was permitted to answer, and at the March term, 1878, the case was heard.

The answer and evidence of record show that the suit which Mr. Mershon defended, and the fee for which the *mandamus* ordered paid, was an action of trespass brought against these persons, not in their representative character, but individually; that by way of plea the defendants set up that James C. Smith was the ordinary of Ware county, and Daniel Lott and William B. Folks were commissioners of roads and revenue for said county; that they acted in their official capacity, and employed the other defendants to assist them in taking down and removing the old court-house, which was the property of the county of Ware, and that this is the alleged trespass complained of by plaintiff.

It was further shown by the records of the court that the said trespass case was settled, and judgment was entered against the defendants for costs at the March term, 1876.

It further appears from the record that the ordinary and the commissioners of roads and revenue, the defendants who were thus sued, passed the following order for the payment of this fee :

WARE COURT OF ORDINARY, June term, 1875.

It is ordered by the court that M. L. Mershon be paid by the county treasurer the sum of one hundred and twenty-five dollars ($125) for legal services in the case of W. A. McDonald vs. D. Lott, W. B. Folks and Obediah Barber, county commissioners, and J. C. Smith, ordinary, *et al.* Given under my hand and official seal, J. C. Smith, ordinary. ` Approved by Daniel Lott, commissioner, W. B. Folks, commissioner.

This order was exhibited to the application for the *man-*

*damus nisi*, and upon the strength of this order, and the facts recited, the *mandamus* was made absolute. Was it rightly made absolute?

It will be observed that the order was granted by the defendants themselves, to have the fee paid in a cause against themselves and others employed by themselves, according to their plea; that the case was settled; that there was no evidence at all of the fact that the suit was against them in their representative character, except their plea and the order passed by themselves; and that order on its face, while it describes one of them as ordinary, and three others as commissioners, does not exhibit the nature of the suit, or show wherein the county could be held liable for the fee.

Independently of any other objection made by the treasurer to the payment of the fee under the order passed by the ordinary and approved by the commissioners, it seems enough that they were individually sued, that they employed counsel, and that they passed the order that the treasurer pay out of the county funds the fees of the counsel. No man can be a judge in his own case, nor pass judgment in favor of himself, so as to shift the burden of paying his debts off himself and upon another.

The Code, section 205, declares that "no judge or justice of any court, no ordinary, justice of the peace, nor presiding officer of any inferior judicature or commission, can sit in any cause or proceeding in which he is pecuniarily interested," etc. This ordinary, and these commissioners, were pecuniarily interested in this proceeding, to have this fee paid by the county, and they could not lawfully sit in the case, and render a judgment or order that the county treasurer pay it. The court below, we suppose, based his *mandamus* absolute upon this order; for there was no other evidence we can find on which it could be rested. The plea of defendants was never passed upon or sustained. They were sued as individuals, and settled the case as such; and without some evidence better than a judgment or order of their own, the county cannot be made to pay this claim.

Judgment reversed.