## DUNLOP, State Treasurer, v. WILKIN-HALE STATE BANK.

No. 7322—Opinion Filed Dec. 11, 1917.

(169 Pac. 893.)

(Syllabus.)

### 1. Mandamus — Payment of Warrant Drawn on State Treasurer.

Where funds are in the state treasury to satisfy a warrant which has been duly and legally drawn against such funds, a writ of mandamus may issue to compel payment of said warrant by the state treasurer.

### 2. Same.

Where, under chapter 130, Session Laws 1910-11, the state printer let a contract for printing which was approved by the state board of public affairs, and where, after claims growing out of said contract were disallowed by the state board of affairs, the state auditor issued warrants for the payment thereof, which warrants were presented to the state treasurer for payment and payment refused, held, that mandamus

will not be awarded to compel payment thereof.

Error from District Court, Oklahoma County; John J. Carney, Judge.

Mandamus by the Wilkin-Hale State Bank against Robert Dunlop, as Treasurer of the State of Oklahoma. Peremptory writ awarded, and defendant brings error. Judgment reversed, and petition dismissed.

S. P. Freeling, Atty. Gen., and John B. Harrison, for plaintiff in error.

Wilson, Tomerlin & Buckholts, for defendant in error.

HARDY, J. The Wilkin-Hale State Bank filed a petition in the district court of Oklahoma county praying a writ of mandamus, directed to Robert Dunlop, as State Treasurer of the state of Oklahoma, commanding him to pay two certain state warrants which plaintiff alleged it had purchased in due course and for value. An alternative writ was issued, to which defendant made return, alleging, among other things, that the claims for which said warrants were issued had never been examined and approved by the State Board of Public Affairs, and were not properly itemized nor receipts furnished. The case was submitted upon an agreement as to the facts, from which it appears that the warrants were drawn against the state printing fund by the State Auditor without the approval of the State Board of Public Affairs for services rendered and expenses incurred in printing what was known as the "Oklahoma Red Book," and that said warrants were presented to the State Treasurer and registered and numbered by him; that the bank obtained same in due course and for a valuable consideration; that the contract for printing the Red Book was made by the State Printer and approved by the State Board of Public Affairs. A peremptory writ was awarded, and the state prosecutes this appeal.

The first contention is that plaintiff had an adequate remedy at law, and that mandamus would not issue to compel the State Treasurer to pay warrants drawn against funds in his hands. This question must be decided adversely to the contention of the state. Where funds are in the treasury to satisfy a warrant which has been duly and legally drawn against such funds, a writ of mandamus is simply an order upon the treasurer to pay an audited and allowed claim out of the funds that have been set aside and appropriated for that purpose. Bryan v. Menafee, 21 Okla. 1, 95 Pac. 471.

By chapter 130, Session Laws 1910-11, the State Printer was authorized to publicly let all contracts for printing and binding for the use of the state officers by competitive bidding after due advertisement to the lowest and best responsible bidder subject to the approval of the State Board of Public Affairs. A contract was let by the State Printer and approved by the State Board of Public Affairs. Section 1 of said chapter 130, Session Laws 1910-11, made it the duty of the State Printer to prepare plans and specifications for all public printing and binding and to examine and report to the State Board of Public Affairs upon the correctness of all claims for such printing and binding. Section 8084, Rev. Laws 1910, required all claims against the state for printing and binding before payment to be presented to the State Board of Public Affairs in the form required by said board, and that said claims should be audited and approved by said board under such rules and regulations as it might prescribe. The claims upon which the warrants were issued were presented to and disallowed by the State Board of Public Affairs, and the warrants were thereafter issued by the State Auditor without such approval, and, when presented to the State Treasurer, payment thereof was refused. The statutes above cited made it a condition precedent to the issuance of a warrant for claims of the character herein involved that same should have the approval of the State Board of Public Affairs, and when said warrants were issued without such approval the State Auditor acted in excess of his authority, and in violation of the positive requirements of the statute of the state. There is no reason why these provisions of the law should not be given effect according to their plain intent and meaning, for it was evidently the intention of the Legislature to require that claims of this character should pass the scrutiny and meet the approval of the State Board of Public Affairs, who were charged with the duty of examining and auditing the same before a valid warrant could be issued for the payment thereof. The provisions are salutary, and will have the effect of safeguarding the interests of the taxpayers and of preventing the public funds from being appropriated to the payment of claims the justness of which has not been established to the satisfaction of the officials whose duty it is to see thereto.

The plaintiff not being entitled to the relief demanded, the trial court should have

denied the writ, and the judgment appealed from is reversed, and the petition dismissed.

All the Justices concur.