GIBBONS et al. v. ATLAS SUPPLY CO.

No. 29797.   April 15, 1941.

Rehearing Denied Nov. 18, 1941.

Dissenting Opinion Nov. 18, 1941.

Second Petition for Rehearing Denied May 5, 1942.

*124 P. 2d 969.*

John Barry and T. G. Chambers, both of Oklahoma City, for plaintiffs in error.

Charles L. Yancey, H. L. Douglass, and Wm. Roy Kirby, all of Oklahoma City, for defendant in error.

DAVISON, J. This action was commenced by plaintiffs in error, as plain-

tiffs, to recover damages against the defendant in error, as defendant. The judgment of the trial court was for the defendant, and the plaintiffs have appealed. All parties will hereinafter be referred to by their proper names or trial court designations.

The substance of plaintiffs' alleged cause of action is that the defendant wrongfully caused the interest of plaintiffs in certain producing oil and gas properties in Oklahoma county to be included in a receivership then pending in cause No. 89478 of the district court of said county during the early part of the year 1936. Said cause was a mortgage foreclosure action instituted by Globe Oil & Refining Company against oil operators by the name of Larkins and Warr, and other parties having interests in the properties involved.

Prior to March 30, 1936, Larkins and Warr had become indebted to the defendant in a sum exceeding $15,000 for materials the defendant company had furnished said firm for use on various properties, including those in question. After filing materialman's liens on said properties, the defendant was allowed by order of the court to intervene in cause No. 89478, supra. The defendant's petition in intervention sought foreclosure of its liens, as well as the extension of the receivership in said cause, to include the entire 7/8ths or working interest in the leases involved and the interests of the plaintiffs therein. At a hearing on said petition held upon notice to the attorneys of Larkins and Warr and the receiver, the trial court, on April 1, 1936, entered its order extending the receivership as the defendant had requested. On April 9th the court entered an order impounding the proceeds of the oil runs from the leases.

Thereafter, on May 15, 1936, plaintiffs filed a motion in which they sought to have the above-mentioned orders of April 1st and April 9th vacated. After a hearing and recommendation or report upon said motion by a referee theretofore appointed in said cause, plaintiffs filed objections to the referee's report, and on June 5, 1936, the matter was passed to be heard and considered by the court on its merits at a later date.

On November 30, 1936, plaintiffs renewed their motion to vacate and modify the above-mentioned orders, same was heard by the referee, and on February 2, 1937, the referee made a report upon the matter containing various findings of fact and conclusions of law to the effect that said motion should be sustained. Thereafter, the court, on March 22, 1937, entered its order sustaining said motion, confirming the report of the referee, vacating the previous order extending the receivership to plaintiffs' interest, and discharging said interest from said receivership. Said order was never appealed from, and in March, 1938, plaintiffs commenced the present action, taking the position, both in the trial court and in this appeal, that said order established their claim herein that the extension of said receivership to include their interest was wrongfully obtained, same being res adjudicata of their right to recover from the defendant in this action for the damages they had suffered by reason of said allegedly wrongful receivership.

It seems to be agreed by all of the parties to this appeal that section 773, O. S. 1931 (12 Okla. St. Ann. § 1551) governs proceedings such as we are concerned with herein. Said section reads in part as follows:

"A receiver may be appointed . . . First. In an action . . . by a creditor to subject any property or fund to his claim . . . on the application of the plaintiff, or of any party whose right to or interest in the property or fund, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed or materially injured."

As we view the present case, the only portion of the above-quoted statute involved herein pertains to the interest which a party must have in property to entitle it to apply for a receivership of same. For all that appears from the record herein, the order relied upon by plaintiffs was predicated solely upon a determination that plaintiffs' interest in

the leases involved was of such a character that the defendant company had no interest therein by reason of any lien it might have had on account of materials furnished the operators, Larkins and Warr, for use on said leases. Neither the motion of plaintiffs which said order sustained, nor the referee's findings and conclusions therein confirmed, dealt with the matter of whether said property or the oil runs therefrom were in danger of being "lost, removed or materially injured"; they were both founded upon the primary proposition that the defendant company had no "right to or interest in" such property. Consequently, our decision herein hinges upon the question of whether the order entered in cause No. 89478, abolishing the receivership as to plaintiffs' interest and setting aside the previous order entered therein extending the receivership to said interest, can be deemed a judicial determination that said extension was wrongfully or unlawfully procured because the interest of the defendant, as applicant for said extension in the property thus included in the receivership, was not "probable" within the meaning of said term as used in section 773, supra. The trial court answered this question in the negative, holding that as "a matter of fact, the law at the time of the institution of that receivership proceeding was such as to lead an ordinary, careful, and prudent person to believe that the liens of this defendant, in that action, could legally and properly be charged against" plaintiffs' interest, which was an overriding royalty of 3/8ths of the 7/8ths working interest in the leasehold estate reserved in assignments of the communitized leases covering same to Larkins and Warr, to be free and clear of all expenses except as to 1/8th of said interest, upon which plaintiffs were to pay an expense of twelve cents per barrel on the oil produced therefrom.

In its judgment for the defendant, the trial court specifically concluded that the order of discharge relied upon by the plaintiffs was not an adjudication that said receivership was wrongfully procured. With this contention we must agree. The fact that after extending the receivership to include the plaintiff's interest upon application of the defendant, the court in cause No. 89478 thereafter found that defendant's rights did not justify such receivership, was not tantamount or equivalent to a determination that the defendant was not one of the class of parties who might apply for such receivership under section 773, supra. In allowing a party to apply for the receivership of property whose right or interest therein is "probable," the statute does not mean that his claim of right or interest must be free from doubt or already judicially or legally determined. See Willard Oil Co. v. Riley, 29 Okla. 19, 115 P. 1103. If it did, the unfortunate applicant would be compelled to resort to procedure not prescribed by law or subject himself to hazards beyond the contemplation of the law. There is nothing contained in the portion of the proceedings in cause No. 89478 that was introduced into the evidence of the present action to establish that at the time defendant applied for an extension of the receivership to include plaintiffs' interest, it was, from a legal staindpoint, "free from doubt" that said company's lien gave it no right or interest in plaintiffs' interest in the lease, even though the defendant concedes herein that it had notice of the facts concerning said interest. Consequently, in view of the foregoing considerations, we are unable to say that the trial court erred in not regarding the order entered in cause No. 89478, on March 22, 1937, as conclusive upon the question of whether the previous order including plaintiffs' interest in the receivership was wrongfully obtained.

The only argument plaintiffs present besides that wherein they attempt to demonstrate that the above-mentioned order established the elements of the cause of action upon which they sought to recover herein is advanced under their third proposition, which reads as follows:

"The defendant, Atlas Supply Company, having asked for a receiver on in-

sufficient and fraudulent grounds and on its request a receiver having been appointed and having taken charge of the property and income therefrom of the plaintiffs, and said receivership having been thereafter set aside and held for naught from its inception, it is not necessary in order for the plaintiffs to recover damages for wrongfully procuring the appointment of a receiver to show that the appointment was procured maliciously and without probable cause."

The only way in which plaintiffs attempt to demonstrate the applicability of the foregoing proposition to the present case is by calling our attention to the order discharging the plaintiffs' interest from the receivership as a judicial determination of the falsity and insufficiency of the allegations in defendant's petition for the extension of the receivership to include said interest. The only allegation of fact contained therein that is claimed to have been determined false in said order pertains to the ordering of the materials which defendant furnished. Plaintiffs' argument seems to imply that defendant alleged they were furnished at the "instance, order, and request" of the plaintiffs, but an examination of said petition discloses no such allegation. We find nothing in said petition that unequivocally or with certainty can be construed as an allegation that the materials were ordered by anyone except the defendants, Larkins and Warr. The only other allegations specifically mentioned by plaintiffs' counsel are legal conclusions which depended for their correctness upon whether or not defendant's lien covered the entire leasehold so as to entitle it to an extension of the receivership to all of the interests therein, including plaintiffs'. As we have already demonstrated, whether defendant's petition or application for said extension was authorized by law (sec. 773, supra) did not depend upon the certain correctness of the defendant's conclusions as to its right or interest in the property involved, we perceive of nothing in said allegations to substantiate the premise upon which the operation of plaintiffs' third proposition depends for its operation and applicability.

Therefore, plaintiffs' argument in regard thereto is no more effective in demonstrating that the receivership in question was wrongfuly procured than the other arguments advanced. Consequently, the judgment of the trial court to the contrary is hereby affirmed.

WELCH, C. J., CORN, V. C. J., and GIBSON and HURST, JJ., concur. OSBORN and ARNOLD, JJ., dissent. RILEY and BAYLESS, JJ., absent.

———

ARNOLD, J. (dissenting). The pertinent facts in this case are: Gibbons, Warsaski, and Stout owned an oil and gas mining lease on certain blocks in Oklahoma City; they assigned $\frac{5}{8}$ths of the working interest to Larkins & Warr, a copartnership, in consideration that Larkins & Warr would produce said lease and deliver, free of cost to them, $\frac{3}{8}$ths of the working interest; Larkins & Warr developed said lease and was producing oil and gas therefrom when the Globe Oil & Refining Company asked for a receiver for the Larkins & Warr interest; a receiver was appointed for the Larkins & Warr interest; qualified and went into possession of the properties and was operating the leasehold estate when the Atlas Supply Company intervened, by leave of court, and filed its petition for foreclosure of its theretofore filed and perfected oil and gas mining lease lien. It alleged:

(a) Insufficiency of the security, to wit, the leasehold estate;

(b) That demand had been made and payment refused;

(c) That it would suffer irreparable loss unless the entire proceeds of the oil and gas are impounded for the benefit of the creditors;

(d) That the leasehold is not being properly preserved, developed and operated and cannot be because of the large number of assignments of the interest; and

(e) That the receivership should be extended to the whole leasehold estate

so that all the monies derived from the sale of oil and gas could be impounded for the protection of all claimants.

Based on said petition an ex parte order, without notice, was entered extending the receivership over the entire 7/8ths working interest on the 1st day of April, 1936. The court therein directed the pipe line company to pay all money accruing by reason of sales of oil and gas to the receiver.

Gibbons et al. filed a motion to discharge the receiver as to their 3/8ths overriding working interest and alleged therein:

(a) That the extension of the receivership was ex parte and without notice;

(b) That they were the owners of the 3/8ths overriding working interest;

(c) That the intervener, Atlas Supply Company, had no lien or even a claim for cost of development that could attach to their 3/8ths interest;

(d) That there was no indebtedness or liens that could extend to or affect their interest; and

(e) That the restraining order issued by the pipe line company was made ex parte and without jurisdiction and should be modified so as to release the 3/8ths overriding interest in the entire working interest.

Finally the motion of Gibbons et al. was set before the referee for hearing; testimony was introduced and the matter fully considered by the referee; the Atlas Supply Company introduced no evidence before the referee except its pleadings, which included its lien statement.

The referee made extensive findings of fact, conclusions of law, and recommendations to the court, as follows:

"Your Referee finds that these interests sought to be released here were reserved as the instruments herein referred to indicate, and that Gibbons, Warsaski and Stout have the 3/8ths interests with the 12c per barrel charged against them, free and clear of the re-ceivership estate, and further finds that this 3/8ths interests is not and should not be subject to the administration of the Receiver in this estate for the reason that the same was reserved at the time the said wells were drilled; that they were filed of record prior to the drilling of said wells or the letting of contracts therefor, and that any and all persons, firms or corporations furnishing material or labor to the drillers of said wells, Larkins & Warr, were notified, either by operation of law or actually, that the firm of Larkins & Warr held only such interests as had not been retained by B. C. Garvey, Jr., P. P. Gibbons, or David Warsaski.

"Your Referee concludes, as a matter of law, that anyone dealing with Larkins & Warr in the drilling of the wells, Gibbons, Warsaski, and Marti, dealt with them, either with actual or constructive knowledge, as only the owners and holders of certain interests in said leasehold estates, and further concludes that liens could not attach to the leasehold estates which had been reserved by Gibbons, Warsaski and Stout, or their assigns, for the reason that said reservations were of record and no privity of contract existed between lien claimants and Gibbons, Warsaski and Stout, nor did any agency exist between Gibbons, Warsaski and Stout and Larkins & Warr, the drillers of the wells, and that the only interest in said wells to which liens for labor and material, or both, might attach would be the interest of Larkins & Warr.

"Your Referee further concludes that there was no joint venture or mining partnership, either actually or by operation of law in this case, and therefore recommends that this court make and enter its order discharging the receiver insofar as his authority extends to the interests of Gibbons, Warsaski and Stout in the said Gibbons No. 1, Warsaski No. 1 and Marti No. 1 Wells, and that the said Gibbons, Warsaski and Stout be permitted to cancel their Surety Company bonds which they have placed with this court and take down the money which has been impounded by the Surety Companies on said bonds, and further enter its order requiring the pipe line companies to disburse their part of the runs of the three wells herein litigated to Gibbons, Warsaski and Stout or their assigns without any

further intervention on behalf of the receiver or anyone connected with the estate of Larkins & Warr."

Upon consideration of this report, findings of fact, conclusions of law, and recommendations by the referee, the court entered its judgment on the 22nd day of March, 1937. I quote from said judgment:

"It is, therefore, considered, ordered, adjudged and decreed by the court that the report and recommendation of the Referee on application of Gibbons, Warsaski and Stout application to be discharged from the receivership be and the same is hereby approved and confirmed in all things.

"It is further considered, ordered, adjudged and decreed by the court that the motion and application of P. P. Gibbons, David Warsaski and C. E. Stout to be discharged from the receivership herein be and the same is hereby sustained.

"It is further considered, ordered, adjudged and decreed by the court that the orders heretofore entered extending the receivership over the property of P. P. Gibbons, David Warsaski and C. E. Stout, dated April 1, 1936, and the subsequent order of April 9, 1936, be and the same are hereby set aside, cancelled and held for naught, and said property therein described, together with the income production and proceeds therefrom is hereby released from said receivership, said property, and the interests of P. P. Gibbons, David Warsaski and C. E. Stout, being particularly described as follows: . . ."

This judgment of the trial court has never been set aside or modified. It had been final for a long time before the institution of the suit at bar. It will be noted that the referee who heard the testimony under the issues made up as between the Atlas Supply Company and Gibbons et al. as to the discharge of the receiver as regards the 3/8ths interest recommended:

(a) That the receiver be discharged because the Atlas Supply Company, defendant, had no lien on their interest or claim on the fund accruing thereby;

(b) That the order extending the receivership to cover the 3/8ths interest of Gibbons et al. be vacated;

(c) That the order of restraint as to funds in the hands of pipe line company, etc. be vacated and the money accruing to the 3/8ths interest be discharged to Gibbons et al.; and

(d) That all the foregoing recommendations were based on the referee's conclusion under all the facts and circumstances presented to him; that the Atlas Supply Company had no lien on the interest of Gibbons et al.; and that the court, therefore, had no jurisdiction or power over their interest.

In conformity with the findings of fact, conclusions of law, and recommendations of the referee, the judgment of the trial court approved and confirmed the report of the referee "in all things," discharged the receiver as to the 3/8ths interest, and canceled and held for naught the order of April 1, 1936, extending the receivership and the order of April 9, 1936, as to the impounding of funds accruing to the 3/8ths interest. The conclusion is inescapable and admits of no argument that the trial court discharged the receiver as to the 3/8ths interest and vacated its orders of April 1st and 9th because it at that time thought that there were no grounds or justification for the extension of the receivership to include the 3/8ths interest. Note, also, in this connection, that Gibbons et al. asked that the receiver be discharged on two grounds: (1) that the order extending the receivership was made ex parte and without notice; (2) that the 3/8ths interest covered by the receivership as extended was not subject to any lien claimed by the Atlas Supply Company. The Atlas Supply Company admits the validity and finality of this judgment. The findings of fact, conclusions of law, and recommendations of the referee and the court's complete approval thereof conclusively show that the court entertained the thought at the time it rendered judgment that the lien of the

Atlas Supply Company did not attach to the interest of Gibbons et al., and that it was, therefore, without jurisdiction or power to make the orders of April 1st and 9th extending the scope of said receivership. There are no other grounds under this record and the issues, as made up between the Atlas Supply Company and Gibbons et al., on which the court should have discharged the receiver as to the 3/8ths interest; so, going behind the judgment to the extent of reviewing all the facts and circumstances disclosed by this record, the judgment of the trial court in discharging the receiver and the funds accruing to the interest involved herein was based on the sole and only ground that the Atlas Supply Company had no lien and, therefore, the court had no jurisdiction or power to extend the receivership. Note, too, that the Atlas Supply Company did not claim that the receiver theretofore appointed, who had for sometime theretofore been operating the entire leasehold estate, was mismanaging the property in any respect. So we have before us a final, solemn, unambiguous judgment of a court of competent jurisdiction to the effect that a receiver should be discharged and all orders made relative to his authority vacated and held for naught because the court lacked jurisdiction or power over the subject matter and parties involved herein. For the reason that the Atlas Supply Company had no lien on the Gibbons et al. interest and no right to impound their funds, and for this reason alone, under this record, the court vacated every act it had performed relative to the extension of the receivership and the impounding of such funds. The order of extension of the receivership was, therefore, by the final judgment of a court of competent jurisdiction void. Said receivership as to the 3/8ths interest involved herein was wrongful ab initio; said judgment, being unappealed from, is not subject to review by this court. So this case falls directly within the universally followed rule that, where a receivership is void for want of power

or jurisdiction, the receivership is wrongful from the beginning; and having no probable interest, the party instituting the proceedings and procuring such an appointment or extension is liable for all damages flowing therefrom without regard to his good faith or probable cause. Probable cause, good faith, and absence of malice constitute no defense in such a case. K. C. Oil Co. v. Harvest Oil & Gas Co., 180 Okla. 61, 194 P. 228; Wagoner Oil & Gas Co. v. Marlow, 137 Okla. 116, 278 P. 294.

The majority opinion overlooks the foregoing case entirely. The only distinction in the case at bar and the foregoing cases in principle is that the instant case is a stronger case. In the case at bar we have definite, positive proof by the findings and conclusions of the referee and the court that the receiver was discharged because no interest had been shown in behalf of the Atlas Supply Company as against the Gibbons et al. interest. In the case of Wagoner Oil & Gas Co. v. Marlow, supra, we quoted with approval from the case of K. C. Oil Co. v. Harvest Oil & Gas Co., supra, as follows:

"Persons who wrongfully procure the appointment of a receiver become, after the appointment is judicially declared void, trespassers ab initio, and liable for the damages caused by their wrongful acts. It is not necessary, in order to recover damages for wrongfully procuring the appointment of a receiver, to show that the appointment was procured maliciously, and without probable cause. In an action for damages wrongfully securing the appointment of a receiver, the general rule as to burden of proof and admissibility of evidence in civil actions apply. Plaintiff is entitled to all damages which he may sustain by reason of such appointment, and in determining the measure of damages, it is proper to consider the injury to the plaintiff's possession during the period of the receivership, the amount of good and collectable accounts lost by reason of the receivership, and the value of the services of counsel employed to procure the vacation of the order appointing the receiver."

These cases have never been overruled or in any manner modified, and they should be followed or overruled.

Under the majority opinion all you have to do to set a final solemn judgment of a court of competent jurisdiction aside, or disregard it on appeal, is to merely show that the Supreme Court's mind on the subject has changed in the meantime. It is argued that at the time the judgment of the trial court was entered discharging the receiver as to the 3/8ths interest the judgment of the court was in accord with an opinion of the Supreme Court that had been promulgated, but was not final; that said opinion was finally withdrawn and an opinion written instead thereof, holding that such a claim as that of the Atlas Supply Company constituted a lien on the entire leasehold estate. The consolidated cases referred to are Gypsy Oil Co. v. Oil Well Supply Co. et al., No. 25912, and Glenn J. Smith et al. v. Oil Well Supply Co. et al., No. 25926. Neither opinion of this court in said consolidated cases became final, both being withdrawn. As a matter of fact, this court has not directly passed on this question. Conceding for the sake of argument that such a lien as that of the Atlas Supply Company herein constituted a lien on the entire leasehold estate, in the face of outstanding, overriding, undivided interests therein, this case still is within the rule, supra, and the extension of the receivership to include the Gibbons et al. interest was finally adjudged to be wrongful because the court fully adjudicated the question of its jurisdiction or power adversely to the position taken by the Atlas Supply Company; by its failure to appeal from the said judgment of the trial court it stands finally convicted of having procured the extension of a receivership to include property on which it had no lien or claim.

As was so aptly said on this subject by Riley, J., in Savoy Oil Co. v. Emery, 137 Okla. 67, 277 P. 1029, par. 13 of the syllabus:

"A judgment is no less conclusive because it is based upon a mistake of the law."

Justice Riley also said in Western Paving Co. v. Board of Com'rs of Lincoln County, 183 Okla. 281, 81 P. 2d 652, and concurred therein by Osborn, C. J., and Gibson, Hurst, and Davison, JJ.:

"Where a general judgment does not reflect the grounds upon which it is based and it may have been based upon two or more grounds, one of which would be erroneous and the others proper, it is presumed the judgment was based upon the proper ground."

There is still another valid reason why the action of the Atlas Supply Company in the instant case was wrongful from the beginning. Conceding again, for the sake of argument, and particularly for the purpose of simplifying this particular discussion, that the Atlas Supply Company had a lien on the entire leasehold estate, including the interest of Gibbons et al., it had no lien upon oil and gas in place. We have always adhered to the doctrine of capture as applied to oil and gas in place. No title therein vests in oil and gas until captured and reduced to possession. While in place, uncaptured and unpossessed, the oil and gas under the leasehold estate in question did not belong to any of the parties; the landowner, the lessor, the lessees, or the assignees of any such parties. A lien on a leasehold estate would not constitute a lien on oil and gas in place. The Atlas Supply Company did not contend there was mismanagement of the leasehold. Any such contention would, in fact, be inconsistent with its request that the receivership be extended with the then qualified and acting receiver in charge.

The receiver of the 5/8ths working interest of Larkins & Warr had been appointed and had qualified and taken possession of the entire leasehold estate long before the Atlas Supply Company intervened, and had operated the entire leasehold estate from the time of his appointment up to the time the

Atlas Supply Company intervened. Obviously, the only purpose of the Atlas Supply Company was to impound the funds accruing to the interest of Gibbons et al. in the hands of the receiver. Subject to the costs of administration of the receivership, the relationship between the receiver and Gibbons et al. would be determined by the contractual relationship between Gibbons et al. and Larkins & Warr. So when the receiver in the operation of the entire leasehold estate produced oil and gas, that is, reduced oil and gas in place to possession, title thereto vested, subject only to the costs of administration of the receivership, in the proper parties. The portion of said oil and gas or the proceeds thereof that would accrue to the Gibbons et al. interest would immediately vest in Gibbons et al. as soon as reduced to possession. The Atlas Supply Company, not having a lien thereon, could control said portion of such produced oil and gas or the proceeds thereof only by showing that it had a claim against Gibbons et al., and that they were insolvent. The Atlas Supply Company in this case does not even pretend that Gibbons, his associates, or any of them ever owed it a penny. Likewise, there is no pretense even that Gibbons, or any of his associates, are insolvent. As far as the Atlas Supply Company is concerned in this case, the oil and gas produced by the receiver and belonging to Gibbons et al., or the proceeds thereof, is as free from any claim as if said oil and gas were in their actual physical possession, or the proceeds thereof were on deposit in the bank. Surely we do not mean to say that one who has no claim whatever against another can procure a court to direct a receiver to take charge of funds belonging to one against whom he has no claim whatever.

Attention should also be called to the fact that the Atlas Supply Company neither alleges nor offers any proof to the effect that the extension of the receivership over the 3/8ths working interest of Gibbons et al. was necessary to pay the expenses of the operation of the receivership. This interest, while it may be wiped out by a sale of the leasehold estate, was subject to no claim asserted. It was subject, however, to costs of administration. The Atlas Supply Company evidently knew that this interest was not necessary in order to pay the expenses of the receivership, for the record discloses no intimation of its concern on this subject. The record in this case definitely indicates that this interest was not necessary to provide expenses of operation.

In Stanolind Crude Oil Purchasing Co. v. Busey, 185 Okla. 200, 90 P. 2d 876, we held:

"A laborer's or materialman's lien upon an oil and gas lease, leasehold, well, etc., under the provisions of section 10978, O. S. 1931, 42 Okla. St. Ann. § 144, attaches only to such property as is specifically mentioned therein and does not apply to oil as and when produced.

"Where oil has been produced from premises leased for oil and gas purposes while proceedings are pending to foreclose laborers' and materialmen's lien against the lease, leasehold, wells, etc., and the oil has been sold and delivered to a purchaser, but not paid for, the proceeds from the oil are not brought into the custody of the law subject to the power and control of the court because of the pending action to foreclose the lien, the only property brought into custodia legis by the action to foreclose the lien being the specific property to which the lien applies."

This opinion, by the Vice Chief Justice, now Chief Justice, holds that laborers and materialmen have no lien on oil and gas produced during a foreclosure action and that as against such a fund a general creditor has a superior claim. This case in principle is contrary to the holding of the majority opinion and should be followed or overruled.

Gibbons et al., in their motion for a new trial, their petition in error, and in their petition for rehearing, have continually and persistently urged that the final judgment of the district court discharging the receiver as to their interest and vacating all of its orders relative thereto judicially determined and adjudicated the extension of the receiver-

ship and the impounding of their funds to have been wrongful. Throughout their briefs they have pointed to the record, and particularly to the specific findings and conclusions of the referee and trial court, in support of their contention in this respect. In face of all of this, the author of the majority opinion is content to say, "the referee made a report upon the matter containing various findings of fact and conclusions of law to the effect that said motion should be sustained." (Referring to the motion of Gibbons et al. to discharge the receiver.) Also quoting from the majority opinion, "The fact that after extending the receivership to include the plaintiffs' interest, upon application of the defendant, the court in case No. 89478 thereafter found that defendant's right did not justify such receivership, was not tantamount or equivalent to a determination that the defendant was not one of the class of parties who might apply for such a receivership under section 773, supra." While there is no misstatement in this connection, there is an omission to state and treat the facts relied upon by appellants. I think the court should meet this issue squarely.

Herein we have a contention continually made that the judgment of the trial court finally adjudicated that the Atlas Supply Company had no power or authority to extend the receivership or impound the fund in question and the extension of the receivership was not justified. The contention has always been made that there being no lien, the Atlas Supply Company could have no probable interest. I do not think the court should escape this challenge of appellants by overlooking to state the facts in this record. Moreover, I do not think their proposition, under the facts specifically disclosed by this record, can be answered.

I have undertaken to show that every act of dominion over the Gibbons et al. property or funds was procured by the Atlas Supply Company; that each and every act so procured was in fact wrongful, or wrongful by specific final adjudication by a court of competent jurisdiction. The elements of damage in this case are: interest and attorneys' fees actually paid out by Gibbons et al. on account of the wrongful acts of the Atlas Supply Company. They borrowed money to take the place of that which was impounded; they paid out attorneys' fees to procure the discharge of a receiver, appointed at the request of one whose "right did not justify" the appointment.

The trial court should have directed the jury to return a verdict for all reasonable damages directly flowing from the wrongful acts of the Atlas Supply Company.